In the Matter of the BOARD OF EDUCATION OF THE SYRACUSE CITY SCHOOL DISTRICT, Respondent, *v.* STATE DIVISION OF HUMAN RIGHTS et al., Appellants.

Fourth Department, February 17, 1972.

246

*Henry Spitz* (*Ann Thatcher Anderson* of counsel), for State Division of Human Rights, appellant.

*Faith Seidenberg* for Carolyn S. Bratt, appellant.

*Hancock, Estabrook, Ryan, Shove & Hust* (*James P. Burns III*, of counsel), for respondent.

*Per Curiam.* On April 7, 1969 appellants Marilyn J. Patrick and Carolyn S. Bratt, teachers employed by the respondent Board of Education of the Syracuse City School District [Board], filed complaints pursuant to the grievance procedures contained in the collective bargaining agreement between the Board and the Syracuse Teachers Association. Both teachers sought payment of salaries for coaching the Eastwood Junior High School girls' extramural basketball team. Prior to the completion of the grievance procedures thus set in motion, the teachers filed complaints with the State Division of Human Rights alleging "that the Board was engaging in unlawful discriminatory employment practices". Specifically, the teachers charged that while male teachers were compensated for coaching basketball, female teachers were not. The Division

determined that it had jurisdiction and set the matter down for a hearing.

Thereafter this proceeding was commenced in Supreme Court to restrain the Division from proceeding with the hearing. The court concluded that the commencement of grievance procedures by the teachers constituted an election of remedies under subdivision 9 of section 297 and section 300 of the Executive Law and prohibited the Division from conducting any further proceedings relating to the complaints. The Division and the teachers appeal.

The Board, a public employer, is subject generally to the investigatory and enforcement powers of the State Division of Human Rights (*Matter of Board of Higher Educ. v. Carter,* 14 N Y 2d 138, 152–153). The only question is whether by commencing a grievance procedure the teachers are barred either permanently or pending the completion of the grievance procedures from filing a complaint with the Division. Section 300 of the Executive Law reads as follows: " * * * Nothing contained in this article shall be deemed to repeal any of the provisions of the civil rights law or any other law of this state relating to discrimination * * * but, as to acts declared unlawful by section two hundred ninety-six of this article, the procedure herein provided shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned. *If such individual institutes any action based on such grievance without resorting to the procedure provided in this article, he may not subsequently resort to the procedure herein.*" (Emphasis supplied).

Subdivision 9 of section 297 of the Executive Law reads as follows: " Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages * * * unless such person had filed a complaint hereunder or with any local commission on human rights. * * * *No person who has initiated any action in a court of competent jurisdiction or who has an action pending before any administrative agency under any other law of the state* based upon an act which would be an unlawful discriminatory practice under this article, *may file a complaint* with respect to the same grievance under this section." (Emphasis supplied).

Section 300 thus provides that the prior institution of " any action " will operate to bar resort to the Division. Subdivision 9 of section 297 differentiates between a prior action in a court of

competent jurisdiction (which will permanently bar the filing of a complaint with the Division) and "an action pending before any administrative agency under any other law of the state" (which while pending bars the filing of a complaint with the Division). We agree with appellants that neither section applies to grievance proceedings with or before the Board of Education. A grievance proceeding arising as it did here pursuant to the terms of the parties' own collective bargaining agreement is neither an "action in a court of competent jurisdiction" nor "an action pending before any administrative agency under any other law of the state" within the meaning of subdivision 9 of section 297.

Nor is a collective bargaining grievance proceeding "any action" within the meaning of section 300. The term "action" was defined at the time of the enactment of section 300 as a proceeding "in a court of justice" (General Construction Law, § 11-a). To hold that the term "action" as used in section 300 includes proceedings before governmental officials, commissions, boards or other similar tribunals would be to expand the meaning to something which the Legislature could easily have expressed but did not (cf. *People* v. *Shafer*, 30 A D 2d 213, 216; McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 230). Moreover, such a construction would be inconsistent with the distinction between agency actions and court actions manifested in the more recent subdivision 9 of section 297. Section 300 applies therefore only to "actions in a court of justice". Further, we find no nonstatutory reason to prohibit the Division proceeding until the grievance procedure is completed. The grievance involves enforcement of the terms of an employment contract. The complaint filed with the Division raises issues of discrimination in terms and conditions of employment. The teachers might consistently prevail in one and not in the other. As the Division argues, redress of the grievance would not dispose of all the issues raised by the complaints or vindicate the public interest in the question of discrimination (see *Matter of New York State Labor Relations Bd.* v. *Holland Laundry,* 294 N. Y. 480, 495–496). Moreover, there is no merit to the Board's arguments that the Division is otherwise about to proceed in excess of its jurisdiction.

It follows that the order must be reversed. In any event, the situation did not warrant the granting of the extraordinary remedy of prohibition. As this court stated in *Matter of Richards* v. *Mangum* (35 A D 2d 124): "the judicial proceeding should not have been entertained. The statute (Executive Law, art. 15) envisions an administrative proceeding before the Divi-

sion. A party dissatisfied with the determination of the Commissioner may appeal to the State Human Rights Appeal Board (Executive Law, § 297-a, subd. 6, par. c). Judicial review is available only from an order of the Appeal Board (Executive Law, § 298)." The order should be reversed and the petition dismissed.

DEL VECCHIO, J. P., MARSH, WITMER, MOULE and CARDAMONE JJ., concur.

Order unanimously reversed on the law without costs, and petition dismissed.