■ In the Matter of R. R. BOWKER & COMPANY et al., Respondents, v WERNER KRAMARSKY, as Commissioner of the New York State Division of Human Rights, et al., Appellants.—Order, Supreme Court, New York County, entered April 26, 1979, which granted the application of petitioners, enjoined respondent the New York State Division of Human Rights from proceeding with a hearing on the merits of the complaint of respondent Pauline A. Cianciolo and dismissed that complaint with prejudice, and denied the cross motion by respondent the New York State Division of Human Rights to dismiss the petition, unanimously reversed, on the law, with costs and disbursements, the application is denied, the cross motion to dismiss the petition is granted and the petition is dismissed. In June, 1975, respondent Pauline A. Cianciolo filed a complaint with the New York State Division of Human Rights charging her employer, petitioner R. R. Bowker & Company and petitioner William J. Senter with discrimination in employment based upon age and sex. The investigatory conference scheduled for September 11, 1975 was adjourned at Bowker's request and held on September 17, 1975. After investigation, the division's regional district issued an order dated July 23, 1976, acknowledging jurisdiction, but dismissing the complaint for lack of probable cause. Ms. Cianciola's timely appeal to the division's appeal board was heard on April 5, 1977 and resulted in an order reversing the finding of "no probable cause" and remanding the matter to

the division. Upon remand, the division, on May 19, 1978, found probable cause to believe that there had been an unlawful act of discrimination. A hearing could not be held in spring, 1978 because of the complainant's illness, nor on October 30, 1978 because complainant did not have private counsel and there was no division attorney available to represent her. On the rescheduled date, November 6, 1978, complainant was stricken with flu, necessitating an adjournment to January 15, 1979. At Bowker's request the hearing was adjourned to February 6, 1979 and further adjourned to March 27, 1979, due to the excusable nonappearance of complainant's counsel. However, on February 9, 1979, petitioners instituted this article 78 proceeding in the nature of prohibition, claiming that the 1977 amendment to the Human Rights Law rendered the time provision for agency action "mandatory" and that the failure by the division to act within that time limit deprived the division of jurisdiction and was prejudicial to petitioners. Special Term, while indicating an inclination to view the time limit provision as mandatory, granted the remedy of prohibition on the basis that the delay encountered herein served to deprive the division of jurisdiction as a matter of law, citing *State Div. of Human Rights v Board of Educ.* (53 AD2d 1043, affd 42 NY2d 862). *Matter of Tessy Plastics Corp. v State Div. of Human Rights* (47 NY2d 789, 791), wherein the Court of Appeals agreed "that the extraordinary remedy of prohibition does not indeed lie to interfere with proceedings before the State Division of Human Rights" where an "employer claims that the division was precluded from proceeding * * * in consequence of its failure to observe the timetable prescribed by statute" is dispositive. The Court of Appeals, relevant to cases such as *State Div. of Human Rights v Board of Educ.* aptly observed that "such contention, if it be valid, is one of erroneous exercise of authority rather than of excess of jurisdiction, the prior use of the word 'jurisdiction' in such a context to the contrary notwithstanding *(Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 381). The division is given jurisdiction by statute to investigate complaints or discrimination. Remedy for asserted error of law in the exercise of that jurisdiction or authority lies first in administrative review and following exhaustion of that remedy in subsequent judicial review pursuant to section 298 of the Executive Law. There is here tendered no predicate to warrant invocation of the 'ancient and just' writ of prohibition *(Matter of Board of Educ. v State Div. of Human Rights,* 38 AD2d 245, affd 33 NY2d 946; cf. *La Rocca v Lane,* 37 NY2d 575)" *(Matter of Tessy Plastics Corp. v State Div. of Human Rights, supra,* p 791). As prohibition does not lie, we do not consider the issue of the effect to be given the failure of the division to adhere to the statutory timetable. Concur—Murphy, P. J., Sullivan, Bloom, Lupiano and Ross, JJ.