■ WILLIAMSON CENTRAL SCHOOL DISTRICT, Appellant, v WILLIAMSON FACULTY ASSOCIATION et al., Respondents. — Order unanimously affirmed, without costs. Memorandum: Valerie Colby, a teacher at Williamson Central School, notified the superintendent of schools that she was pregnant and requested permission to use her accumulated sick days as a paid disability leave and to tack on an unpaid maternity leave of slightly more than one year. The superintendent responded by letter informing Mrs. Colby that she would have to choose between the two as she could not tack together paid sick leave and unpaid child care leave. Mrs. Colby then pursued two remedies: she filed a complaint with the New York State Division of Human Rights alleging that the school district's policy amounted to sex discrimination inasmuch as males and employees seeking disability leave for reasons other than maternity were allowed to use the two leave periods in tandem; she also initiated a contract grievance alleging that the collective bargaining agreement permitted tacking the two periods together. After her grievance was denied, the Williamson Faculty Association, respondent herein, filed a demand for arbitration. Williamson Central School District (District) petitioned to stay the arbitration. It is from a denial of that petition that the District now appeals. In seeking to stay arbitration the district contends that the claim of sex discrimination is not arbitrable inasmuch as it involves a matter of public policy which must be judicially enforced. While strong public policy concerns may restrict the scope of arbitration under a collective bargaining agreement *(Matter of Niagara Wheatfield Administrators Assn. [Niagara Wheatfield Cent. School Dist.]*, 44 NY2d 68, 73; and cases cited therein), the matter sought to be arbitrated here will in no way offend statutory or decisional law or involve strong public policy concerns. The grievance arises out of an alleged violation of leave provisions in the collective bargaining agreement. Arbitration will require a determination of whether Mrs. Colby had a contractual right to use a paid sick leave followed by an unpaid maternity leave. It will not encompass a question of discrimi-

natory practices under the Executive Law (§ 296). Redress of the grievance will not dispose of the issue before the Division of Human Rights or vindicate the public interest in the question of discrimination *(Matter of Board of Educ. v State Div. of Human Rights,* 38 AD2d 245, affd 33 NY2d 946). Nor has the right to arbitrate been waived by the filing of a complaint in the division. The separate proceedings do not involve the same grounds for relief and will not raise the possibility of inconsistent determinations. (Cf. *Matter of Wertheim & Co. v Halpert,* 48 NY2d 681.) Moreover, both remedies have been pursued with diligence by respondents. Under those circumstances, filing of a claim with the division is fully consistent with an intent to arbitrate and will not be deemed a waiver *(Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.],* 35 NY2d 599, 605). (Appeal from order of Wayne Supreme Court — arbitration.) Present — Dillon, P.J., Hancock, Jr., Doerr, Denman and Moule, JJ.