■ In the Matter of JOYCE FREMGEN, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Levine, J. Proceeding initiated in this court pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights, dated March 19, 1985, which dismissed petitioner's complaint of an unlawful discriminatory practice based on sex.

Petitioner was hired by respondent Callanan Industries, Inc. (Callanan) on September 4, 1984 as a teamster trainee. She was fired two days later. Immediately after being discharged, she complained to the affirmative action office of the State Department of Transportation (DOT), with whom Callanan had several State contracts. DOT investigated as to whether Callanan was in violation of its affirmative action obligations

as a recipient of Federal highway funds. In October 1984, DOT's Affirmative Action Program Office (TAAPO) concluded that such a violation had occurred and sought to have Callanan agree to take corrective action, including granting petitioner back pay. It is uncontradicted that thereafter Callanan refused to cooperate or otherwise comply with DOT's or TAAPO's efforts. It is also uncontradicted that neither DOT nor TAAPO had any statutory authority to enforce any remedies on petitioner's behalf, but was relegated to imposing sanctions regarding Callanan's present contracts or bidding on future contracts with the State.

On March 5, 1985, petitioner filed a complaint with respondent State Division of Human Rights (Division) charging sex discrimination. The Division dismissed the complaint pursuant to Executive Law § 297 (9) on the ground that petitioner had another proceeding pending before DOT. This proceeding to review that determination then ensued.

We annul. As previously discussed, the matter petitioner brought before DOT could not have led to any binding, enforceable adjudication or determination redressing petitioner's complaint of sex discrimination or otherwise granting her relief. As such, it cannot be considered to have constituted an action which *petitioner* had pending before any administrative agency which barred her from filing the instant complaint *(cf. Williamson Cent. School Dist. v Williamson Faculty Assn.,* 80 AD2d 723, 724; *Matter of Board of Educ. v State Div. of Human Rights,* 38 AD2d 245, 248, *affd* 33 NY2d 946).

In any event, once TAAPO determined in October 1984 that Callanan had violated its affirmative action obligations, any formal proceedings before DOT had terminated. Therefore, there was no statutory prohibition to the filing of petitioner's complaint in March 1985 *(Matter of New York City Hous. Auth. v State Div. of Human Rights,* 53 AD2d 844, 845).

We note that, with commendable candor, the Division has conceded error in its dismissal of the complaint and has urged annulment.

Determination annulled, with costs against respondent Callanan Industries, Inc., complaint reinstated, and matter remitted to respondent State Division of Human Rights for further proceedings not inconsistent herewith. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.