**Angelina SINICROPI, Plaintiff-Appellant,**

v.

**NASSAU COUNTY, New York State Division of Human Rights and State Human Rights Appeal Board, Defendants-Appellees.**

**No. 1212, Docket 79–7059.**

United States Court of Appeals, Second Circuit.

Argued May 30, 1979.

Decided June 12, 1979.

Angelina Sinicropi, pro se.

Robert O. Boyhan, Mineola, N. Y. (Edward G. McCabe, County Atty. of Nassau County, New York, Mineola, N. Y., of counsel), for defendant-appellee Nassau County.

Stephen A. Marcus, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of the State of New York, George D. Zuckerman, Asst. Sol. Gen., New York City, of counsel), for defendants-appellees New York State Division of Human Rights and State Human Rights Appeal Board.

Before MOORE, FRIENDLY and FEINBERG, Circuit Judges.

PER CURIAM:

Angelina Sinicropi appeals from a judgment of the United States District Court for the Eastern District of New York, Mark A. Costantino, J., dismissing her complaint against her former employer, Nassau County, and the New York State Division of Human Rights ("the Division") and the New York State Human Rights Appeal Board ("the Appeal Board"). Appellant alleged that appellee Nassau County discriminated against her on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and that the Division and the Appeal Board, also appellees, improperly processed her complaint against Nassau County.

Appellant filed a complaint with the Division in November 1976, charging sex discrimination and retaliation for the filing of previous complaints alleging sex discrimination by her employer. In March 1977 the Division found no probable cause and dismissed the complaint. Appellant appealed to the Appeal Board, which confirmed the dismissal of the complaint in August 1977. The following month, appellant commenced a proceeding in the Supreme Court of the State of New York, Appellate Division, Second Department, to review the order of the Appeal Board, and in February 1978 that court confirmed the determination of the Appeal Board. In April 1978, appellant sought leave to appeal from the New York State Court of Appeals, and that court denied appellant's motion.

In September 1978, appellant commenced the instant proceeding in the federal district court, alleging that Nassau County had discriminated and retaliated against her, that the Division had ignored evidence in support of her complaint and had improperly denied her the right to tape record informal proceedings and that the Appeal Board had delayed review of, and then improperly confirmed, the dismissal of the complaint by the Division. All defendants moved to dismiss the complaint or in the alternative for summary judgment on the grounds that the court lacked jurisdiction, that the complaint failed to state a claim on which relief could be granted and that plaintiff's claims were barred by res judicata. By order filed December 7, 1978, Judge Costantino dismissed the complaint in all respects.

Unfortunately, Judge Costantino did not write an opinion setting forth his reasons for dismissing the complaint. At oral argument in this court, the parties informed us that the judge reached his decision after argument on defendants' motions and stated his reasons orally at that time. We directed the parties to obtain a transcript of that hearing if one had been made, and were informed by letter from counsel for appellees that no stenographic minutes had been made of the proceedings below. Nonetheless, a review of the record makes it clear that appellant's action is barred by the principles of res judicata. In *Mitchell v. National Broadcasting Co.*, 553 F.2d 265 (2d Cir. 1977), we held that a plaintiff who pressed charges of race discrimination in

employment in the Division, appealed to the Appeal Board and then obtained review in the state courts of these adverse agency determinations was barred by res judicata from bringing an action concerning the same alleged discrimination under 42 U.S.C. § 1981. The procedures afforded the plaintiff in *Mitchell* were similar to those afforded appellant here and we held in *Mitchell* that the fact that the complaint was dismissed on the merits without a formal evidentiary hearing did not bar application of res judicata. The crucial factor is that appellant chose to submit her case to the state *courts* for review and she cannot now relitigate the same issues in federal court. See 553 F.2d at 275–76. While we left open in *Mitchell* whether res judicata should apply to actions based on Title VII, 553 F.2d at 275 n.13, we see no reason to distinguish between section 1981 and Title VII for res judicata purposes. While one of us would have reached a different result in *Mitchell,* see 553 F.2d at 277 (Feinberg, J., dissenting), and would do so here if the slate were clean, we all believe that the reasoning of that decision controls this one.

It is clear from the record that the claims of sex discrimination and retaliation that appellant seeks to litigate in federal court are the same claims that were decided against her in state court. The complaints against the Division and the Appeal Board concerning failure to investigate properly and take into account appellant's evidence and delay in reaching a decision were also raised in state court. Since the parties are identical, appellant's suit is barred by res judicata.

We thus find it unnecessary to consider the argument made by the Division and the Appeal Board that they do not come within the coverage of Title VII. Appellant also argues that it was error for the district court to ignore her request to amend her complaint to assert a cause of action under 42 U.S.C. § 1983. It appears that no formal motion to amend was timely filed. But even if it had been, the § 1983 claim would have raised the same issues that have already been decided in state court, so that the error, if any, in not permitting the amendment was harmless because the § 1983 claim would also be barred by res judicata.

The judgment of the district court is affirmed.