■ CHARLES N. KNAPP, Appellant, v MONROE COUNTY CIVIL SERVICE COMMISSION et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: This appeal requires us to determine whether section 58 of the Civil Service Law which prohibits the original appointment of police officers over 29 years of age violates the equal protection requirements of the United States and the New York State Constitutions as well as the New York State Human Rights Law protection against discrimination in employment (Executive Law, §§ 291, 296). We hold that Special Term correctly ruled that section 58 is constitutional. Based on the rationale expressed in *Massachusetts Bd. of Retirement v Murgia* (427 US 307) and *Matter of Figueroa v Bronstein* (38 NY2d 533) we have upheld the constitutionality of this section of the Civil Service Law and its age limits under challenge here in *Whitehair v Civil Serv. Comm. of Monroe County* (56 AD2d 711). The issue merits no further discussion. We also hold that section 58 does not contravene the prohibition against age discrimination afforded by the Human Rights Law in subdivision 3-a of section 296 of the Executive Law and is not, as plaintiff argues, superseded by that section. Subdivision 3-a of section 296 declares that it shall be an unlawful discriminatory practice for an employer, because an individual is between the ages of 18 and 65, to refuse to hire or employ such individual. Section 58 (subd 1, par [a]) of the Civil Service Law limits eligibility for provisional or permanent appointment as a police officer to persons between the ages of 20 and 29 years of age. Plaintiff, relying on *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.* (41 NY2d 84), contends that a conflict exists between the two statutes and that the Human Rights Law imposes a "greater obligation" and controls in the instant case. In *Brooklyn Union,* the Court of Appeals, faced with an "evident incongruity" between the minimum demands on employers set forth in the Disability .Benefits Law and the Human Rights Law, held that "Whichever statute imposes the greater obligation is the one which becomes operative" *(Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd., supra,* p 88). We hold that no incongruity exists between the Civil Service Law and the Human Rights Law (Executive Law, § 296, subd 3-a). The Human Rights Law governs, *inter alia,* any "employer or licensing agency" or "labor organization" or "employment agency" (Executive Law, § 296). The Civil Service Law covers "the state civil service department * * * the state civil service commission * * * [or] any municipal civil service commission" (Civil Service Law, § 54). Thus, the statutes operate upon two separate and unrelated categories of employers or agencies and cannot conflict. As further support for our conclusion, we note that section 54 of the Civil Service Law prohibits age discrimination

by the State civil service department and municipal and State civil service commissions. Clearly, the Legislature addressed the issue of age discrimination by those entities governed by the Civil Service Law and enacted legislation which is expressly designed to prohibit such discrimination and which contains an exception permitting age limits for police appointees (Civil Service Law, § 58, subd 1, par [a]). Where the Legislature has enacted a provision prohibiting age discrimination specifically tailored to the Civil Service Law and has provided exceptions therein as part of the total scheme of that body of law, it can be assumed that it was that provision and not a general provision from another body of law which the Legislature intended to apply to age discrimination violations involving agencies covered by the Civil Service Law. A construction of the general rule in the Human Rights Law as overriding section 54 would render section 54 ineffective and meaningless, an anomalous result which should be avoided (see McKinney's Cons Laws of NY, Book 1, Statutes, §§ 98, 144, 145). Moreover, to supersede section 54 by the general prohibition against age discrimination in the Human Rights Law which contains no exception allowing age limits for police appointees would be to effect a repeal of section 58 (subd 1, par [a]) of the Civil Service Law. As a general rule, a court should adopt an interpretation of a statute which will not result in an implied repeal of another statute (see McKinney's Cons Laws of NY, Book 1, Statutes, § 391). (Appeal from judgment of Monroe Supreme Court—summary judgment.) Present— Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.