■ In the Matter of ROBERT LASSONE, Appellant, v ROBERT P. WHALEN, as Commissioner of the Department of Health of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered June 15, 1979 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination by the New York State Department of Civil Service striking petitioner's name from the eligible list for the position of Senior Medical Conduct Investigator. In 1975 the petitioner applied for a position with the Department of Health and was advised that because of inadequate vision (he is legally blind) he was not capable of performing the duties of the position. Petitioner filed a complaint with the Division of Human Rights, alleging an unlawful discrimination. In September of 1977 the petitioner took an open competitive exam for the same position and was placed on the eligible list. On June 6, 1978 a hearing examiner found that there was no unlawful discrimination on account of the vision disability and ordered that the complaint be dismissed. On November 27, 1978, the Department of Civil Service advised the petitioner that it had struck his name from the eligible list based on the decision of the hearing examiner in the human rights case. The petitioner continued his appeal in the human rights case. This article 78 proceeding was commenced prior to a final determination of the Human Rights Appeal Board. As found by Special Term, the issues in this proceeding and in the human rights proceeding involve the identical issue of whether or not the petitioner's disability reasonably precluded his ability to perform the duties of the position which he sought in the Department of Health. Accordingly, Special Term was without jurisdiction in this article 78 proceeding (Executive Law, § 297, subd 9; *Emil v Dewey,* 49 NY2d 968, 969). Upon this appeal, it appears that the Human Rights Appeal Board has now issued its decision in this case. Pursuant to section 300 of the Executive Law, that determination "exclude[s] any other action * * * based on the same grievance of the individual concerned." The petitioner's attempt to distinguish the subject matter of this proceeding from the human rights complaint lacks a substantial basis. The sole distinction between the act of the Department of Health in failing to hire him and the act of the Department of Civil Service in striking his name from the eligible list is simply that they are two different departments. The issue as to both of these respondents was whether or not petitioner was properly denied employment or the opportunity for employment because of his blindness. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.