■ In the Matter of ROBERTA JAINCHILL, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding instituted in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated February 17, 1981, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint of an unlawful discriminatory practice relating to employment for lack of jurisdiction. Petitioner filed a complaint with the State Division of Human Rights on November 5, 1979, alleging that the State Department of Civil Service had engaged in an unlawful discriminatory employment practice. Having failed a competitive examination for appointment to a position with a State agency, it was her contention that the department's examiners had improperly arrived at their decision based on her sex. The division dismissed her complaint for lack of jurisdiction on the ground she had previously commenced an administrative action relating to the same grievance (see Executive Law, § 297, subd 9) and its determination was thereafter affirmed by the State Human Rights Appeal Board, thus prompting the instant proceeding for judicial review. The record demonstrates, and the division now concedes, that petitioner's efforts to secure redress of her grievance through administrative channels terminated on October 16, 1979 when the State Civil Service Commission finally rejected her objections to the examination procedures and results. Since the statute provides that "[n]o person * * * who has an action *pending* before any administrative agency under any other law of the state based upon an act which would be an unlawful discriminatory practice under this article, may file a complaint with respect to the same grievance" (Executive Law, § 297, subd 9; emphasis added), the division presently maintains that it erred in dismissing her subsequently filed complaint. The Department of Civil Service asserts, however, that petitioner's decision to pursue administrative remedies should be given conclusive effect. We agree with the division and annul the determination of the State Human Rights Appeal Board. Initial resort to the division or to a court of competent jurisdiction constitutes a binding election of remedies (cf. *Emil v Dewey,* 49 NY2d 968; *Matter of Lassone v Whalen,* 79 AD2d 1075), but the invocation of administrative proceedings only bars the filing of a complaint while the resolution of such matters remains undecided (cf. *Matter of New York City Housing Auth. v State Div. of Human Rights,* 53 AD2d 844; *Matter of Board of Educ. v State Div. of Human Rights,* 38 AD2d 245, 247, 248, affd 33 NY2d 946). A permanent barrier to the filing of a complaint would have arisen only if petitioner had commenced a proceeding for judicial review of the final administrative determination made by the State Civil Service Commission (see Executive Law, §§ 300, 297, subd 9). Accordingly, the petition should be granted and the matter remitted to the State Division of Human Rights for further proceedings. Petition granted and determination annulled, with one bill of costs to petitioner against the State Division of Human Rights and the State Department of Civil Service; matter remitted to the State Division of Human Rights for further proceedings not inconsistent herewith. Mahoney, P.J., Sweeney, Kane, Casey and Herlihy, JJ., concur.