Sahib ALEEM, Plaintiff-Appellant,

v.

GENERAL FELT INDUSTRIES, INC., Local Union No. 428, United Rubber Cork, Linoleum and Plastic Workers of America, AFL–CIO–CLC, and the International Union, United Rubber Cork, Linoleum and Plastic Workers of America, AFL–CIO–CLC, Defendants-Appellees.

No. 79–3657.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 1981.

Decided Nov. 12, 1981.

Sahbi Aleem, pro se.

Richard J. Cantrell, Cantrell & Green, Inc., Long Beach, Cal., for defendants-appellees.

Before DUNIWAY, PREGERSON and CANBY, Circuit Judges.

CANBY, Circuit Judge.

This case involves a series of unsuccessful actions brought by Aleem to contest his discharge by General Felt Industries. Aleem contended that he was fired for religious reasons, and filed a grievance to protest his discharge. In June 1977, an arbitrator found that he had been fired for cause. Aleem challenged the arbitrator's decision in state court, and the Federal Me-

diation and Conciliation Service, which Aleem had joined as a defendant, removed the action to federal district court. On December 27, 1977, the district court granted summary judgment upholding the arbitrator's decision. Aleem did not appeal. Aleem had also filed a charge with the Equal Employment Opportunity Commission. In November 1978, the EEOC issued a right-to-sue letter, and on February 20, 1979, Aleem filed this Title VII action in federal district court. The court ruled, however, that the previous district court judgment barred this action under the doctrines of res judicata and collateral estoppel. The court dismissed Aleem's complaint. We reverse the decision of the district court.

■ In *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), the Supreme Court held that an employee's statutory right to a trial de novo under Title VII is not foreclosed by prior submission of his or her claim to final arbitration in accordance with a collective bargaining agreement. The Court stated:

> [L]egislative enactments in this area have long evinced a general intent to accord parallel or overlapping remedies against discrimination.... Consistent with this view, Title VII provides for consideration of employment-discrimination claims in several forums. And, in general, submission of a claim to one forum does not preclude a later submission to another. Moreover, the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes. The clear inference is that Title VII was designed to supplement, rather than supplant, existing laws and institutions relating to employment discrimination. In sum, Title VII's purpose and procedures strongly suggest that an individual does not forfeit his private cause of action if he first pursues his grievance to final arbitration under the nondiscrimination clause of a collective bargaining agreement.

*Id.* at 47–49, 94 S.Ct. at 1019–1020 (citations omitted). *See also Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (arbitration does not bar an employee's wage claim under the Fair Labor Standards Act); *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569 (9th Cir. 1973) (arbitration does not bar an employee's Title VII claim).

The Supreme Court in *Alexander* did acknowledge that "presumably an employee may waive his cause of action under Title VII as part of a voluntary settlement," but held that taking his claim to arbitration did not constitute such a waiver. 415 U.S. at 52, 94 S.Ct. 1024. By the same token, we can find no voluntary waiver in the employee's seeking judicial review of the arbitration decision. The employee is simply exercising his right to "pursue fully both his remedy under the grievance-arbitration clause of a collective bargaining agreement and his cause of action under Title VII." *Id.* at 59–60, 94 S.Ct. at 1025.

■ General Felt argues, however, that in obtaining judicial review of the arbitration decision Aleem received de novo consideration of his discrimination claim by the court, and that he is now precluded from asserting his Title VII claim by the doctrines of res judicata and collateral estoppel. We think that this contention distorts both the reasoning of *Alexander* and the nature of judicial review of arbitration decisions.

We recognize that in *Sinicropi v. Nassau County*, 601 F.2d 60 (2d Cir.), *cert. denied*, 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979), the Second Circuit held that an employee who submits a discrimination charge to a state agency and then obtains judicial review of the agency's decision in state court is barred from bringing a Title VII action in federal court to remedy the same discrimination. The court stated that

> [t]he crucial factor is that appellant chose to submit her case to the state *courts* for review and she cannot now relitigate the same issues in federal court.

*Id.* at 62. The *Sinicropi* decision, however, has been criticized by two other circuit courts. In *Gunther v. Iowa State Men's Reformatory*, 612 F.2d 1079 (8th Cir.), *cert. denied*, 446 U.S. 966, 100 S.Ct. 2942, 64 L.Ed.2d 825 (1980), the Eighth Circuit held that state court review of a state agency discrimination proceeding did not bar a later Title VII claim in federal court. In *Smouse v. General Electric Co.*, 626 F.2d 333 (3d Cir. 1980), the Third Circuit came to the same conclusion. Both courts questioned the logic of *Sinicropi*, but chose to distinguish the case on its facts. 612 F.2d at 1084; 626 F.2d at 336. *See also United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1001–02 (9th Cir. 1980).

We agree that *Sinicropi* is inconsistent with the Supreme Court's decision in *Alexander*. *Alexander* makes it clear that an arbitration claim and a Title VII claim are quite distinct. 415 U.S. at 49 n. 10 and 50, 94 S.Ct. at 1020 n. 10 and 1030. Although Aleem's Title VII claim arises from the same set of facts as his arbitration claim, the claims involve different injuries and different causes of action. The maintenance of the Title VII action after judicial review of the arbitration decision therefore does not involve splitting a cause of action so as to render the second action barred by res judicata. Nor is there any requirement that Aleem join the two independent claims in one action, even if he could.[1]

■ Collateral estoppel is equally inapplicable, for Congress in enacting Title VII made it clear that prior administrative adjudications were not to prevent de novo review of Title VII claims in federal court. The statutory scheme warrants an exception to the usual rules of res judicata and collateral estoppel. *See Gunther v. Iowa State Men's Reformatory*, 612 F.2d at 1084–84 nn. 6 & 7. Moreover, the factual determinations of discrimination made in the course of judicial review of an arbitration decision are not equivalent to those called for in a Title VII action. The *Alexander*

opinion itself is based upon a recognition that arbitration serves a limited and distinct function. First, an arbitrator is confined to interpreting the collective bargaining agreement. If the arbitrator's decision rests upon his view of the requirements of Title VII, rather than what the parties intended by a nondiscrimination clause, then he has exceeded his authority and his decision will not be enforced. Second, arbitration procedures are much more informal than the procedures used in court. These two factors combine to make arbitration an inappropriate means to arrive at a final resolution of Title VII issues. 415 U.S. at 53–58, 94 S.Ct. at 1022–1025. The same reasoning holds true even after an employee seeks judicial review of the arbitrator's decision. The court's function in reviewing an arbitrator's decision is limited to determining whether the arbitrator exceeded his authority. The court cannot review the merits of the arbitrator's decision. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 599, 80 S.Ct. 1358, 1360, 1362, 4 L.Ed.2d 1424 (1960). Even when supplemented by this limited judicial review, arbitration cannot possibly satisfy Title VII's requirement that an employee receive a de novo hearing of his or her discrimination claim in federal district court. *See Kremer v. Chemical Construction Corp.*, 477 F.Supp. 587, 591 (S.D.N.Y.1979), *aff'd*, 623 F.2d 786 (2d Cir. 1980).

General Felt also argues that Aleem's Title VII action is barred because he failed to file a timely charge with the EEOC. This issue was not reached by the district court, and Aleem, who represented himself on appeal, did not address the issue fully in his brief nor appear for oral argument. We therefore prefer not to address this issue. We remand the case to the district court for further proceedings, including consideration of the question whether Aleem failed to file a timely charge. *See Mohasco v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532

---

1. The EEOC did not issue a right-to-sue letter until after the district court awarded summary judgment upholding the arbitration decision.

(1980); *Wiltshire v. Standard Oil Co. of Calif.*, 652 F.2d 837 (9th Cir. 1981).