**Bobby KENT, Plaintiff,**

v.

**NEW YORK CITY DEPARTMENT OF SANITATION, Defendant.**

**No. 80 CIV 3114 (LBS).**

United States District Court,
S.D. New York.

Sept. 2, 1982.

Bobby Kent, pro se.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for defendant; Eugene Nathanson, Gary P. Shaffer, Asst. Corp. Counsels, New York City, of counsel.

## OPINION

SAND, District Judge.

Plaintiff Bobby Kent, proceeding *pro se*, first brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* in June, 1980, alleging that he was discharged by the defendant New York City Department of Sanitation ("City") because of his race, color and religion. Prior to instituting this action, Kent had sought judicial review of his termination proceedings in the New York State courts pursuant to an Article 78 proceeding. By decision of October 21, 1980, this Court

stayed plaintiff's federal Title VII action pending the outcome of the Article 78 review proceeding in New York state court. *Kent v. New York City, Sanitation,* 24 Empl.Prac.Dec. ¶ 31,343 (S.D.N.Y.1980). Having now concluded his action in state court, plaintiff returns to this Court seeking Title VII relief.

■ The defendant City moves to dismiss this action or for summary judgment pursuant to Fed.R.Civ.P. 12(c) or 56 on the grounds that plaintiff, having sought judicial review of his allegedly discriminatory termination in state court, is now barred by the doctrine of res judicata from relitigating his claims in this federal Title VII action. Defendant argues that this case falls squarely within the mandate of the Supreme Court's recent decision in *Kremer v. Chemical Construction Corp.,* —— U.S. ——, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). In *Kremer,* the Supreme Court held that a federal court hearing a Title VII action must afford res judicata effect to a state court's prior determination of discrimination claims where, under state law, the plaintiff would be barred from relitigating the same claims in state court. This Court agrees with defendant that plaintiff Kent's action is governed by *Kremer* and, on the papers and affidavits presented, grants defendant's motion for summary judgment.

The papers submitted in this case show that plaintiff Kent was called before a disciplinary hearing of the New York Sanitation Department on August 23, 1977. Kent appeared at the hearing without counsel. That hearing was discontinued after Kent and the trial examiner engaged in rather heated argument. Kent was then suspended for thirty days without pay.

Kent subsequently filed discrimination charges with the New York State Division of Human Rights ("NYDHR") and the Equal Employment Opportunity Commission ("EEOC").[1] A second hearing to con-

---

1. The NYDHR issued a determination on December 18, 1978, finding that complainant Kent was discharged on the basis of a finding of guilt as to certain infractions and not because of his race and color. Kent did not appeal this find-

ing to the New York State Human Rights Appeal Board. The EEOC made a finding of no probable cause of discrimination, and issued plaintiff a right to sue letter in March, 1980.

572

sider Kent's employment status was scheduled by the Sanitation Department for October. Kent was then notified that the hearing had been rescheduled for November, but he again failed to appear. The November hearing was held in his absence before a special hearing officer appointed by the Commissioner of Sanitation in response to Kent's allegations of bias on the part of the August 23 hearing officer. After hearing testimony and receiving documentary evidence, the hearing officer found Kent guilty of six of eight charges and, on January 4, 1978, recommended that Kent be dismissed. The Commissioner of Sanitation adopted the recommendation and dismissed plaintiff on January 6.

In January of 1978, Kent commenced an Article 78 proceeding in New York Supreme Court seeking review of his August 23 suspension. Kent filed a supplemental petition in March contesting his dismissal on January 6.

Kent alleged in his petitions that the termination hearings had been conducted in a racially discriminatory and prejudicial fashion, that the hearing officers had been influenced by Kent's religious beliefs, and that he had been denied due process of law. Record on Review at 6, ¶ 1; R. 11, ¶ 12; R. 12, ¶ 15; R. 15, ¶ 28; Respondent's Appendix on Review 1, ¶ 1; R.A. 3, ¶ 5; R.A. 4, ¶ 10.

On November 19, 1981, after review of the proceedings on the record, the New York State Supreme Court, Appellate Division,[2] rejected plaintiff's claims and confirmed the action of the defendant City terminating Kent. Kent's motion for leave to appeal was then denied by the New York Court of Appeals on March 23, 1982, thus terminating the state court review proceedings.

After two administrative hearings and appeal through the New York appellate process, plaintiff Kent now seeks to relitigate his discrimination claims in a *de novo* federal trial pursuant to Title VII.

In this Court's prior decision staying Kent's action, we forewarned plaintiff that, under the decisions of this circuit, once a Title VII litigant has had his case adjudicated in state court, he will be barred from returning to federal court to relitigate the same claims. *Kent v. New York City, Sanitation,* 24 Emp.Prac.Dec. ¶ 31,343 (S.D.N.Y. 1980). We made quite clear at that time that the federal court would not be available for a "second try." We relied then on the Second Circuit's decisions in *Sinicropi v. Nassau County,* 601 F.2d 60 (2d Cir. 1979), *cert. denied,* 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979), and *Kremer v. Chemical Construction Corp.,* 623 F.2d 786 (2d Cir. 1980).

■ Since this action was stayed, the Second Circuit's decision in *Kremer* has been affirmed by the Supreme Court. *Kremer v. Chemical Construction Corp.,* ── U.S. ──, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). The opinion in *Kremer* established that Title VII was not intended to supercede the principles of res judicata embodied in 28 U.S.C. § 1738 (1976), which requires federal courts to afford the same full-faith-and-credit to state court judgments that would apply in the state's own courts. So long as the minimal procedural requirements of the Fourteenth Amendment's Due Process Clause are satisfied, plaintiffs may not relitigate claims in federal court where they would be estopped from doing so in state court by the state's own rules of res judicata. *Kremer,* 102 S.Ct. at 1897.

The prior proceedings in this case establish as a matter of law that the rejection of plaintiff's discrimination claims against the City is now res judicata in the New York state courts. It is clear that the claims plaintiff wishes to litigate in this federal action are nearly identical to those decided adversely to plaintiff in state court. Plaintiff voluntarily elected to pursue his claims by an Article 78 proceeding in New York

**2.** Kent's action was transferred to the Appellate Division by an order of the Supreme Court,

Special Term, on November 3, 1978.

Supreme Court and by further appeal through the state judicial system. This avenue of state relief has now been exhausted. Plaintiff's other course of action would have been to await the decision of the NYDHR with respect to his original complaint, and then appeal any adverse decision to the New York Human Rights Appeal Board and the New York state courts pursuant to N.Y.Exec. Law § 298 (McKinney 1982). By choosing to follow the Article 78 route, plaintiff effectively abandoned his original NYDHR claim. Plaintiff's time to seek review of the adverse decision of the NYDHR with respect to his original complaint has long since passed.

Plaintiff is also barred from filing a new complaint seeking relief from his January 6 termination in the NYDHR and the New York courts by N.Y.Exec. Law §§ 297(9) and 300 (McKinney 1982). These actions require plaintiffs to elect to pursue their discrimination claims either in state court or through the administrative procedures provided under New York Human Rights Law. Where the complainant chooses to pursue relief through the NYDHR, the New York Human Rights Appeal Board, and the judicial review process, he is barred by §§ 297 and 300 from seeking relief based on the same charges in state court. *Lassone v. Whalen,* 79 A.D.2d 1075, 435 N.Y. S.2d 811 (3d Dep't 1981); *see Emil v. Dewey,* 49 N.Y.2d 968, 428 N.Y.S.2d 887, 406 N.E.2d 744 (1980). Conversely, where the plaintiff has elected to pursue his discrimination claims through an Article 78 review proceeding, as Kent has done here, he is barred from pursuing the same claims in new proceedings before the NYDHR. Therefore, because the state courts would view Kent's claims as res judicata for the reasons discussed above, *Kremer* dictates that this federal court afford the same res judicata effect to the prior state court determinations.

*Kremer* also requires that the defendant have been afforded a "full and fair opportunity" to litigate his claims in the prior state proceedings. *Kremer,* 102 S.Ct. at 1897; *see also Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). However,

as *Kremer* makes clear, "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full-faith-and-credit guaranteed by federal law." *Kremer,* 102 S.Ct. at 1897. In the prior proceedings, Kent was twice notified of the charges against him and given an opportunity to appear. The Commissioner of Sanitation provided a special hearing officer at the November hearing in response to Kent's allegation that the earlier hearing officer was biased. Testimony at the November hearing was on the record and documentary evidence was received by the examiner. The termination hearings were fully reviewed on the record by the New York courts in Kent's Article 78 proceeding, in which Kent's discrimination and due process claims were rejected. Kent was denied leave to appeal by New York's highest court. Under these circumstances, this Court cannot say that Kent was denied the minimal due process required by *Kremer.*

Finally, the fact that Kent has proceeded *pro se* cannot alter the disposition of this case. As Judge Haight recently noted in a similar context involving the application of *Kremer,* the *pro se* litigant must be bound by the same rules of law as those represented by counsel, despite the federal courts' generally flexible approach to *pro se* pleadings. *Matthew v. New York Telephone Co.,* No. 79 Civ. 5924 (S.D.N.Y. June 18, 1982).

Plaintiff has been free throughout these proceedings to choose the forum in which to litigate his claims of discrimination and denial of due process. Having freely chosen to proceed through the state courts in an Article 78 proceeding, plaintiff is now barred from relitigating the same issues in a federal Title VII suit by the doctrine of res judicata and the Supreme Court's decision in *Kremer.* No other issues remain for this Court to decide. Defendant's motion for summary judgment is therefore granted. All other motions of plaintiff are denied.

SO ORDERED.