Luis Gerena **FRESSE**, Plaintiff,

v.

**NYC HUMAN RESOURCES ADMINISTRATION, AGENCY FOR CHILD DEVELOPMENT, Defendant.**

No. 81 Civ. 6344 (JES).

United States District Court,
S. D. New York.

Sept. 17, 1982.

---

pending and awaiting trial. (*Wallace v. Sea-Land Services, Inc. and S.S. Gateway City,* 78 Civ. 2756 (PNL) (S.D.N.Y.) ).

12. 42 U.S.C. § 1985(2).

Luis Gerena Fresse, pro se.

Allen G. Schwartz, Corp. Counsel, New York City, for defendant; Richard Bowers, Asst. Corp. Counsel, New York City, of counsel.

## OPINION

SPRIZZO, District Judge:

Plaintiff brings this action alleging employment discrimination on the basis of national origin pursuant to Title VII of the Civil Rights Act of 1964, as amended, and seeks injunctive relief, damages, costs and attorney's fees.* Defendant, contending that plaintiff's action is barred by principles of *res judicata* and collateral estoppel, moves to dismiss this action pursuant to Rule 12(b), Fed.R.Civ.P.

On July 29, 1977, plaintiff filed a complaint with the New York State Division of Human Rights ("the Division") which charged the defendant with employment discrimination on the basis of national origin in violation of Article 15 of the Executive Law of the State of New York and Title VII. On August 7, 1979, the Division determined that there was no probable cause to believe that defendant had engaged in the discriminatory practice alleged and dismissed the complaint. Plaintiff appealed the determination of the Division to the New York Human Rights Appeal Board ("the Appeal Board"). On November 25, 1980, the Appeal Board affirmed the findings and decision of the Appeal Board.

Plaintiff then brought a proceeding pursuant to New York Executive Law § 298

(McKinney Supp. 1981) and Article 78 of N.Y.Civ.Prac. Law and Rules (McKinney 1981) in the Appellate Division, First Department of the New York State Supreme Court to set aside the order of the Appeal Board. On July 2, 1981, the Appellate Division unanimously upheld the order of the Appeal Board.

Plaintiff's action is clearly barred by principles of *res judicata* which have been held applicable to Title VII claims. *Sinicropi v. Nassau County,* 601 F.2d 60, 62 (2d Cir.), *cert. denied,* 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979). The claims asserted against the defendant are the same as those asserted against the defendant in state court. Having elected to file a complaint with a state agency and having chosen to seek review of that agency's determination in state court, the plaintiff may not seek to relitigate those claims in federal court. *See Sinicropi,* 601 F.2d at 62.

Defendant's motion to dismiss the complaint is granted.

SO ORDERED.

* At the same time that plaintiff filed the complaint with the New York State Division of Human Rights ("the Division"), plaintiff also filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC withheld consideration of plaintiff's claim pending the conclusion of the state proceedings. Following the termination of the state proceedings, on July 2, 1981, the EEOC, relying on the findings of the Division, concluded that there was no reasonable cause to believe that plaintiff's charge of employment discrimination was true and issued a Notice of Right to Sue to the plaintiff.