■ In the Matter of Thomas McGrath, Petitioner, v State Human Rights Appeal Board et al., Respondents. — Proceeding initiated in this court, pursuant to section 298 of the Executive Law, to review a determination of the State Human Rights Appeal Board, dated July 2, 1982, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint for lack of subject matter jurisdiction. This is another chapter in the protracted litigation concerning petitioner's 1973 tenure dispute with State University of New York at Plattsburgh. The factual background is set out in our earlier decision (52 AD2d 1027) and need not be repeated. Petitioner maintains that fraudulent misrepresentations made on behalf of the university prevented the State Division of Human Rights and this court from weighing important evidence in the prior proceedings. Since the appeal board has properly dismissed this proceeding, because subject matter jurisdiction was lacking, we see no need to confront petitioner's substantive charges. After this court's earlier decision was handed down, petitioner commenced a Federal suit against the university based upon the same allegedly discriminatory activities said to have occurred during the tenure dispute. That action was subsequently dismissed, with prejudice, pursuant to a stipulation entered into by the parties. However, in March, 1981, petitioner relying on allegations of fraud akin to those now being urged upon us, sought to have that stipulation set aside. The Federal District Court refused to do so and the Second Circuit, in affirming, stated that the motion was "entirely without substance". After the United States Supreme Court denied petitioner a writ of certiorari, this proceeding before the State Division of Human Rights was instituted. Subdivision 9 of section 297 of the Executive Law prohibits a person "who has initiated any action in a court of competent jurisdiction" from pursuing the same grievance before the State Division of Human Rights. Here, petitioner's original claim and the subsequent fraud allegations were entertained and disposed of by the Federal courts. By electing to proceed in that forum, petitioner made it jurisdictionally impossible for the State Division of Human Rights to contemplate the circumstances of this incident (*Matter of Jainchill v New York State Human Rights Appeal Bd.*, 83 AD2d 665; *Matter of Perez v New York State Human Rights Appeal Bd.*, 71 AD2d 150; see *Emil v Dewey*, 49 NY2d 968). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.