■ CELESTE SPOON, Appellant, v AMERICAN AGRICULTURALIST, INC., Respondent. — Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered November 21, 1983 in Tompkins County, which granted defendant's motion to dismiss the complaint. ¶ Plaintiff was employed as an assistant circulation manager by defendant. In February, 1983, she commenced a lawsuit against defendant for alleged sexual harassment in violation of section 296 of the Executive Law. This action is apparently still pending. On March 15, 1983, she filed a complaint with the State Division of Human Rights claiming that defendant had unlawfully retaliated against her for commencing the initial lawsuit. Alleging several specific acts of retaliation, she again sued defendant on April 18, 1983. By order dated July 11, 1983, defendant successfully moved to dismiss the latter action for lack of subject matter jurisdiction (CPLR 3211, subd [a], par 2) on the ground that plaintiff's filing of a complaint with the division constituted a binding election of remedies (Executive Law, § 297, subd 9; see *Emil v Dewey,* 49 NY2d 968, 969). Plaintiff did not appeal this dismissal. In the meantime, the division dismissed the complaint before it and plaintiff pursued an administrative appeal. Following the dismissal of plaintiff's lawsuit based on retaliation, she commenced yet a third action against defendant, which is the subject of this appeal. A review of this complaint indicates that it duplicates nearly all of the allegations in the previous retaliation complaint, with certain additional facts concerning the termination of her employment. Defendant's motion to dismiss this complaint on the dual grounds that the prior dismissal was *res judicata* and that the court was once again deprived of subject matter jurisdiction was granted "in all respects". This appeal by plaintiff ensued. ¶ There should be an affirmance.

Without deciding whether the instant action is barred by either *res judicata* or collateral estoppel, we conclude that Special Term properly determined that subdivision 9 of section 297 of the Executive Law deprived the court of subject matter jurisdiction. Contrary to plaintiff's argument, it is clear that this subdivision continues to deprive a court of jurisdiction even after the administrative complaint before the division has been litigated (*Emil v Dewey, supra,* p 969; *Matter of McGrath v State Human Rights Appeal Bd.,* 90 AD2d 916; *Matter of Jainchill v New York State Human Rights Appeal Bd.,* 83 AD2d 665; *Matter of Lassone v Whalen,* 79 AD2d 1075).* The question is whether a sufficient identity of issue exists between the complaint before the division and the instant claim (see *Matter of State Div. of Human Rights v Luppino,* 35 AD2d 107, 110-111, affd 29 NY2d 558). A review of the record confirms that the two retaliation claims before the court and the complaint before the division are undeniably similar. Although additional facts appear in the subject complaint, including the fact of plaintiff's termination from employment, it is quite clear that these facts emanate from a continuing process of alleged retaliation giving rise to one claim, not several (see *Matter of Lassone v Whalen,* 79 AD2d 1075, *supra*). This being the case, plaintiff's initiation of the complaint before the division constitutes an election of remedies which effectively deprived the court of subject matter jurisdiction. Defendant's motion to dismiss (CPLR 3211, subd [a], par 2) was properly granted. ¶ Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

* To be distinguished is the case where a person attempts to initiate a lawsuit or a complaint before the division while he or she has an administrative proceeding based on the same grievance currently pending before somebody *other than* the division or the local Commission on Human Rights. The second sentence of subdivision 9 of section 297 of the Executive Law covers this situation and it provides that the lawsuit or the complaint before the division is barred only while the other administrative proceeding continues (see *Matter of Jainchill v New York State Human Rights Appeal Bd., supra*). Although plaintiff devotes much of her argument to the second sentence of the subdivision, it has no application where, as in the instant case, the initial choice was to file a complaint with the division (see *Matter of Board of Educ. v State Div. of Human Rights,* 38 AD2d 245, 248, affd 33 NY2d 946).