OPINION OF THE COURT
Arthur E. Blyn, J.
The issue presented on this motion by defendants to dismiss the complaint is whether an applicant for a civil service position who is deemed medically disqualified by the New York City Department of Personnel has a cause of action under the antidiscrimination provisions of the Human Rights Law (Executive Law § 290 et seq.), or is relegated to a CPLR article 78 proceeding under Civil Service Law § 50 (4) (b).
The relevant facts are not disputed for the purposes of this motion. Plaintiff is presently a police officer employed by the Town of Ramapo Police Department. In July 1980 he took and passed civil service written examination number 1010 for the position of police officer with the defendant New York City Police Department. In addition to passing this examination, police officer applicants were also required to pass a competitive qualifying physical examination and to pass a medical examination. Plaintiff was given a medical examination by the police department and on September 23, 1981 was found “not medically qualified” for appointment as a police officer due to an abnormality of his back (scoliosis) and a heart murmur.
*873 Plaintiff was subsequently marked “medically not qualified” by the defendant New York City Personnel Department’s Personnel Director on April 28,1982. Plaintiff appealed this determination to the New York Civil Service Commission. Upon reexamination, plaintiff was found qualified with regard to his cardiovascular system (heart murmur) but not qualified with respect to his back condition.
Plaintiff’s appeal was denied on March 7, 1983. The Civil Service Commission found that plaintiff “admittedly has scoliosis which the City orthopedists have determined to be a curvature of 40°”, and that the medical standards established by the defendant Personnel Department for the position of police officer mandated rejection of plaintiff on the basis of “significant scoliosis”.
Plaintiff commenced this action in December 1983 under the Human Rights Law alleging that the defendants, by disqualifying him and by failing to certify him as eligible for appointment as a police officer because of scoliosis, discriminated against him on the basis of disability.
Executive Law § 296 (1) (a) provides, inter alla, that it is an unlawful discriminatory practice for an employer to refuse to hire on the basis of disability. Under the Executive Law the term “disability” is limited to physical, mental or medical conditions which “do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought”. (Executive Law § 292 [21] [c].)
Defendants now move to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (a) (7) on the grounds of Statute of Limitations and failure to state a cause of action. In essence, defendants contend that the sole and exclusive remedy available to plaintiff to challenge his medical disqualification by defendants is an article 78 proceeding under Civil Service Law § 50 (4). Civil Service Law § 50 (4) provides, inter alia:
“4. Disqualification of applicants or eligibles. The state civil service department and municipal commissions may refuse to examine an applicant, or after examination to certify an eligible
“(a) who is found to lack any of the established requirements for admission to the examination or for appointment to the position for which he applies; or
“(b) who is found to have a physical or mental disability which renders him unfit for the performance of the duties of the position in which he seeks employment, or which may reasonably be expected to render him unfit to continue to perform the duties of such position”.
*874 Defendants argue that, if the court sustains the complaint herein, “not only will plaintiff circumvent the four-month Statute of Limitations for article 78 proceedings, but [he] will gain the substantive and procedural advantages that are unique to the Executive Law and are completely inappropriate under the Civil Service Law”.
As support for this argument, defendants rely on the decision in Knapp v Monroe County Civ. Serv. Commn. (77 AD2d 817 [4th Dept 1980]). Defendants interpret the holding in Knapp to stand for the proposition that “the Executive Law does not apply to medical disqualifications by the City Personnel Director because in disqualifying applicants for medical reasons he acts with his powers as a Municipal Civil Service Commission, a class of person not covered by the Executive Law” (emphasis added).
Knapp (supra) concerned a constitutional challenge to Civil Service Law § 58 (which prohibits the original appointment of police officers over 29 years of age). The Appellate Division, Fourth Department, held as follows: “We also hold that section 58 does not contravene the prohibition against age discrimination afforded by the Human Rights Law in subdivision 3-a of section 296 of the Executive Law and is not, as plaintiff argues, superseded by that section * * * The Human Rights Law governs, inter alla, any ‘employer or licensing agency’ or ‘labor organization’ or ‘employment agency’ (Executive Law, § 296). The Civil Service Law covers ‘the state civil service department * * * the state civil service commission * * * [or] any municipal civil service commission’ (Civil Service Law, § 54). Thus, the statutes operate upon two separate and unrelated categories of employers or agencies and cannot conflict * * * Where the Legislature has enacted a provision prohibiting age discrimination specifically tailored to the Civil Service Law and has provided exceptions therein as part of the total scheme of that body of law, it can be assumed that it was that provision and not a general provision from another body of law which the Legislature intended to apply to age discrimination violations involving agencies covered by the Civil Service Law” (supra, pp 817-818; emphasis added).
It is clear that the above holding in Knapp (supra) would require dismissal of the instant plaintiff’s claim under the Human Rights Law against these defendants, who fall within the coverage of the Civil Service Law.
This court must respectively disagree with the Fourth Department (and the instant defendants) on two counts. First, it fails to *875 see how the provisions in the Human Rights Law that state that the law applies to “any employer” or “an employer” could be interpreted to exclude public employers (including civil service commissions) from the law’s scope. (The court notes that the Fourth Department at least recognized that civil service commissions are “employers”; the argument by the respondents that the New York City Department of Personnel is not an employer, even though it concededly “acted as a municipal civil service commission”, is disingenuous.) Second, there is in fact no express language in Civil Service Law § 54 (or Civil Service Law § 50 [4], which is at issue here) which provides for an article 78 proceeding as the exclusive remedy for obtaining judicial review of determinations thereunder by civil service commissions. Clearly, if the Legislature intended that the Human Rights Law not apply to civil service commissions, and that article 78 proceedings be the sole forum for review of the acts of civil service commissions under the Civil Service Law, it would have been a simple enough matter to include language to that effect in the relevant statutes. The court believes that the appropriate conclusion to be drawn from the apparent overlap of the Human Rights Law and the Civil Service Law is not that the Legislature intended them to be mutually exclusive; but that the Legislature intended to provide an aggrieved party with alternative remedies — from which such party can elect the remedy (and procedures) which he or she concludes afford the maximum protection of his or her rights.
The court notes that, if Knapp (supra) was the only decisional law on this subject on the appellate level in New York State, the holding thereon would be binding here, even though Knapp was issued in another judicial department. The court finds, however, that the recent decision by the Court of Appeals in Koerner v State of New York, Pilgrim Psychiatric Center (62 NY2d 442 [1984]), provides sufficient basis for declining to follow Knapp (supra).
The plaintiff in Koerner (supra) was terminated from his position as a food service worker at the Pilgrim State Psychiatric Center as a result of his failing a medical examination. Koerner thereafter commenced a plenary action alleging violations by the State of the Human Rights Law. In reversing the dismissal of Koerner’s complaint by the lower courts as time barred by the four-month Statute of Limitations applicable to article 78 proceedings, the Court of Appeals stated (62 NY2d, at pp 446-448):
“Fully conceding the applicability of the Human Rights Law to it * * * the State nevertheless asserts that the Legislature *876 never intended to place the State as an employer upon the same footing as private employers for purposes of litigation under the Human Rights Law. Relying on the cases of Solnick v Whalen (49 NY2d 224) and Press v County of Monroe (50 NY2d 695), the State urges that the four-month Statute of Limitations applicable to a proceeding against a body or officer * * * must be [applicable] to the present action.
“The cases cited, however, do not support the theory propounded by the State ***
“The rule set forth in Solnick and Press does not require, as the State seems to argue, that all proceedings challenging State actions be commenced within four months. When a specific limitations period is clearly applicable to a given action, there is no need to ascertain whether another form of proceeding is available for resolution of the dispute. As we held in Murphy, a judicial action for discriminatory discharge commenced pursuant to the Human Rights Law is governed by a three-year Statute of Limitations; we need look no further to determine whether a shorter period might be applicable had plaintiff attempted to have his rights adjudicated by some other procedure.
“Nor do we find any merit in the State’s contention that the Legislature intended to afford more favorable treatment to the public employer where a claim of unlawful discrimination is concerned. Indeed, the Legislature, in enacting the Human Rights Law, specifically found that ‘the state has the responsibility to act to assure that every individual within this state is afforded an equal opportunity to enjoy a full and productive life and that the failure to provide such equal opportunity, whether because of discrimination, prejudice, intolerance or inadequate education, training, housing or health care, not only threatens the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state and threatens the peace, order, health, safety and general welfare of the state and its inhabitants’ (Executive Law, § 290, subd 3). Clearly, the elimination of discrimination in the provision of basic opportunities is the predominant purpose of this legislation; all the more invidious is such discrimination when it is practiced by the State. We cannot discern any intent on the part of the Legislature to subject the injured person to a shorter limitations period when the wrong was committed by the State. Thus, the courts below erred in dismissing plaintiff’s complaint as time barred, as the action was commenced well within the applicable three-year Statute of Limitations”.
*877 The court concludes, under the holding and rationale in Koerner (supra), that the within causes of action may be asserted under the Human Rights Law.
The court is not unaware of the possible implications of its ruling. The burden on the defendants (and the Corporation Counsel) arising from the defense of full-blown plenary actions under the Human Rights Law — as opposed to summary article 78 proceedings under the Civil Service Law — may well prove a heavy one indeed. Other factors, such as the differences in burden of proof and Statute of Limitations, are also significant. Under the present state of the law, however, these are burdens which must fall on the instant defendants as employers — with no special treatment to be obtained from the mere fact that they are public employers.
It may well be that the explosion of plenary actions under the Human Rights Law anticipated by defendants will not occur. Such actions involve many disadvantages for aggrieved parties, including the costs of bringing a case to trial and the passage of time (perhaps several years) prior to the entry of judgment. Many (if not most) aggrieved persons may therefore choose to seek redress under the administrative remedies within the State Division of Human Rights, as provided for in Human Rights Law § 297, or by way of an article 78 proceeding under the Civil Service Law (which offers the prospect of a speedy, summary determination).
Finally, an issue which was not raised by defendants, but which the court deems worthy of discussion here, concerns the possibility of election (and waiver) of remedies by the instant plaintiff. It is undisputed that plaintiff took advantage of his right to appeal the decision of the Personnel Director to the Civil Service Commission. Did such appeal constitute an election by plaintiff to proceed under the Civil Service Law, and thereby waive his right to bring an action under the Human Rights Law?
The answer may be found in Human Rights Law § 297 (9) and § 300, which provide as follows:
“[§ 297 (9)] Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder or with any local commission on human rights, or with the superintendent pursuant to the provisions of section two hundred ninety-six-a of this chapter, provided that, where the division has dismissed such complaint on the grounds *878 of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed. No person who has initiated any action in a court of competent jurisdiction or who has an action pending before any administrative agency under any other law of the state based upon an action which would be an unlawful discriminatory practice under this article, may file a complaint with respect to the same grievance under this section or under section two hundred ninety-six-a.” (emphasis added).
“[§ 300] The provisions of this article shall be construed liberally for the accomplishment of the purposes thereof. Nothing contained in this article shall be deemed to repeal any of the provisions of the civil rights law or any other law of this state relating to discrimination because of race, creed, color or national origin; but, as to acts declared unlawful by section two hundred ninety-six of this article, the procedure herein provided shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned. If such individual institutes any action based on such grievance without resorting to the procedure provided in this article, he may not subsequently resort to the procedure herein” (emphasis added).
It is clear that, under these provisions, a person aggrieved by an alleged unlawful discriminatory practice may seek relief by court action or by filing a complaint with the Division of Human Rights — but he may not do both, the remedies being mutually exclusive. (Emil v Dewey, 49 NY2d 968; State Div. of Human Rights v Commissioner of New York State Dept. of Civ. Serv., 57 AD2d 699.) Under the last sentence of Executive Law § 297 (9), the initiation of any court action — whether it is an action for damages under section 297 (9), or an article 78 proceeding — constitutes an election and a waiver of the right to commence an administrative proceeding with the Division of Human Rights. (See, Matter of Lassone v Whalen, 79 AD2d 1075.)
The only proceeding commenced by this plaintiff prior to this action was an administrative appeal within the Civil Service Commission. The mere initiation of such administrative proceeding did not involve the election of remedies aspect of section 297 (9). (Matter of Board of Educ. v State Div. of Human Rights, 38 AD2d 245, affd 33 NY2d 946.)
The court notes that, under the last sentence of section 297 (9), no administrative or court complaint may be filed under the Human Rights Law by any person “who has an action pending before any administrative agency” (emphasis added) based on *879 the same discriminatory practice. This provision would have barred the instant action only during the actual pendency of plaintiff’s administrative appeal before the Civil Service Commission; upon the determination of that appeal, he was permitted to file his complaint herein under the Human Rights Law. (Matter of Jainchill v New York State Human Rights Appeal Bd., 83 AD2d 665.)
In accordance with the foregoing, defendants’ motion to dismiss the complaint is denied.