Windsor **FLEURY**, Plaintiff–Appellant,

v.

**NEW YORK CITY TRANSIT AUTHORITY**, Defendant–Appellee.

No. 05–0092.

United States Court of Appeals, Second Circuit.

Dec. 15, 2005.

---

Arthur Z. Schwartz, Kennedy, Schwartz & Cure, P.C., New York, NY, for Appellant.

Victor Levy, Office of the General Council, New York City Transit Authority (Joyce R. Ellman), Brooklyn, NY, for Appellees, of counsel.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. PIERRE N. LEVAL, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Windsor Fleury appeals from a judgment based on an opinion and order, entered December 10, 2004, granting summary judgment to the defendant-appellee New York City Transit Authority on all claims.

I. Standard of Review

We review a district court's decision to grant a summary judgment motion de novo. "In so doing, we view the facts in the light most favorable to [the plaintiff], and draw all reasonable inferences in its favor." *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 260 (2005).

## II. Fleury's Federal Claims

Fleury first argues that the district court improperly granted summary judgment on his Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.,* discrimination claim for the period between July 2001—December 2001. Fleury failed, however, to show that he was disabled or perceived to be disabled "from a 'broad class of jobs' compared to 'the average person having comparable training, skills, and abilities.'" *Giordano v. City of New York,* 274 F.3d 740, 749 (2d Cir.2001) (quoting *Bartlett v. N.Y. State Bd. of Law Exam'rs,* 226 F.3d 69, 82 (2d Cir.2000)).

Fleury next argues that the district court improperly granted summary judgment on his ADA discrimination claim for the period after December 2001. Fleury fails, however, to show that the Transit Authority perceived him to be disabled within the meaning of the ADA. *Cf. id.* at 749-50.

■ Fleury contends that the district court improperly granted summary judgment on his ADA retaliation claims. After a thorough review of the record, we conclude that summary judgment was also warranted on these claims. As the district court correctly found, Fleury was initially reclassified as a transit property protection agent on August 3, 2001, five days *before* he filed his first complaint of discrimination. There is no evidence that the Transit Authority knew that Fleury intended to file a complaint at the time he was reclassified. Fleury also contends that restrictions recommended to be placed on him in January 2002 were recommended in retaliation for his protected activities. But there is nothing in the record to suggest that he was referred for psychological examination in late January 2002 in retaliation for his complaints filed in early August 2001. Nor can Fleury's

subsequent administrative filings or the commencement of the present action give rise to an inference of discrimination. *See Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 95 (2d Cir.), *cert. denied,* 534 U.S. 951, 122 S.Ct. 348, 151 L.Ed.2d 263 (2001).

## II. Fleury's Claims Under New York State and New York City Law

### A. Retaliation

The district court properly granted summary judgment on Fleury's State and City retaliation claims. New York courts apply the same analysis under New York State Human Rights Law and New York City Human Rights Law as federal courts apply under the ADA. *Cf. Forrest v. Jewish Guild for the Blind,* 3 N.Y.3d 295, 312–13, 819 N.E.2d 998, 1012–13, 786 N.Y.S.2d 382, 396–97 (2004). *See Office of Mental Retardation & Developmental Disabilities v. N.Y. State Div. Of Human Rights,* 164 A.D.2d 208, 210, 563 N.Y.S.2d 286, 287 (3d Dep't 1990).

### B. Discrimination

New York State Human Rights Law provides in pertinent part:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages ... and such other remedies as may be appropriate ... unless such person had filed a complaint hereunder or with any local commission on human rights....

New York State Human Rights Law, N.Y. Exec. Law § 297(9).

New York City Human Rights Law provides in pertinent part:

> Except as otherwise provided by law, any person claiming to be aggrieved by an unlawful discriminatory practice ...

shall have a cause of action in any court of competent jurisdiction for damages ... and such other remedies as may be appropriate, unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice or act of discriminatory harassment or violence.

New York City Human Rights Law, N.Y.C. Admin. Code § 8–502(a).

"Thus, by the terms of the statute and code, respectively, ... NYHRL and CHRL claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court." *York v. Ass'n of the Bar of the City of New York,* 286 F.3d 122, 127 (2d Cir.), *cert. denied,* 537 U.S. 1089, 123 S.Ct. 702, 154 L.Ed.2d 633 (2002).

 Here, it is undisputed that Fleury brought a complaint before the New York State Division of Human Rights in August 2001 alleging that he had been discriminated against with respect to his alleged back injury. The district court therefore correctly concluded that Fleury's State and City discrimination claims arising out of such alleged discrimination were barred. The court erred, however, in concluding that Fleury's State and City discrimination claims arising out of the alleged discrimination he suffered in 2002, when, according to Fleury, the Transit Authority perceived him have a psychological problem, were similarly barred. *See Spoon v. Am. Agriculturalist, Inc.,* 103 A.D.2d 929, 930, 478 N.Y.S.2d 174, 175 (3d Dep't 1984); *Craig–Oriol v. Mount Sinai Hosp.,* 201 A.D.2d 449, 450, 607 N.Y.S.2d 391, 391–92 (2d Dep't 1994). We therefore vacate the district court's order dismissing Fleury's State and City claims to the extent that his claims rest on allegations regarding the Transit Authority's perception of Fleury's psychological well-being.

Because we also affirm the district court's grant of summary judgment to the Transit Authority on all of Fleury's federal claims, however, we think that the questions raised by Fleury's remaining State and City discrimination claims are "best left to the courts of the State of New York," *Giordano,* 274 F.3d at 754, should Fleury seek to pursue them further.

## III. Conclusion

For the foregoing reasons, we hereby AFFIRM the judgment of the district court with respect to Fleury's ADA claims, and on his State and City retaliation claims. We also AFFIRM summary judgment with respect to Fleury's State and City discrimination claims arising out of his alleged back injury. We VACATE that part of the district court's judgment for the Transit Authority on his State and City discrimination claims arising out of the Transit Authority's perception of Fleury's psychological well-being, and RE-MAND to the district court with instructions for it to dismiss the remaining claims without prejudice to their being brought in an appropriate state forum.