## Erach D. MUNSHI, Plaintiff,

v.

## NEW YORK UNIVERSITY, a private educational institution; Board of Trustees of New York University; Dr. James M. Hester, President of the University, sued in his official capacity; Dr. John Sawhill, President of the University, sued in his official capacity, Graduate School of Business Administration, et al., Defendants.

No. 81 Civ. 4858(MP).

United States District Court,
S. D. New York.

Dec. 29, 1981.

---

Martin & Hart, East Orange, N. J., for plaintiff; Arthur N. Martin, Jr., East Orange, N. J., of counsel.

Lawrence S. Cumberbatch, S. Andrew Schaffer, New York City, for defendants; Ada Meloy, New York City, of counsel.

## DECISION

MILTON POLLACK, District Judge.

Defendants move pursuant to Fed.R. Civ.P. 12(b)(6) to dismiss the claims against them as barred by applicable statute of limitations and res judicata, as well as for the failure of the pleadings to make out the elements of the asserted federal and state claims.

Jurisdiction over this action is asserted under 28 U.S.C. §§ 1331 and 1343.

Plaintiff Munshi sues defendants New York University (NYU) and various members of the administration and faculty for alleged deprivation of his civil rights under the Thirteenth Amendment,[1] 42 U.S.C. §§ 1981, 1985(3) and 1988 (1976) as well as on state law grounds. Plaintiff claims that NYU's refusal to permit him to continue his Ph. D. studies in the School of Business Administration after plaintiff failed the exam three times was based on his race and national origin. Plaintiff last took the examination in November 1965.

Plaintiff's civil rights action is clearly barred by the applicable three-year statute of limitations set forth in N.Y.C.P.L.R. § 214(2) (McKinney 1972) and accordingly defendants' motion to dismiss must be granted. Moreover, the limitary bar is so obvious and certain that plaintiff's action can only be deemed "frivolous" and "unreasonable", thus entitling defendants to attorney's fees under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988 (Supp.1981) (as amended).

### The Facts

The facts as plaintiff alleges them are as follows.

Plaintiff is a permanent United States resident of Indian nationality. Nineteen years ago, in the fall of 1962, he enrolled in the Doctor of Philosophy program in the Graduate School of Business Administration of NYU. As part of the program plaintiff was required to pass a qualifying examination in Economics. Plaintiff sat for the examination in November 1964 and was told that he had failed. He inquired about the failing grade and was informed that he could not be shown his answers as two examination books were missing and only a completed file was available.

Plaintiff sat for the examination a second time sixteen years ago, in May 1965, which he again failed. Plaintiff was allowed to see his answers this time and learned that a Professor Fabricant had graded his answer a flat zero. Plaintiff met with Professor Fabricant and claims that the professor told him "Indian students do not need a Ph.D. in Business Administration" and that "if a great number of Indians get Ph.D.s then they will create more trouble in India." Plaintiff also alleges that other teachers thought his essay deserved more than a zero, and that those who tried to help him were told by the Dean of the Business School to stay out of the matter.

Plaintiff took the examination a third time in May 1965, again 16 years ago, and again failed. He inspected his papers and saw that Professor Fabricant had given him a low grade on the answer he had marked, and that a Dr. Kieper had also given him a low grade on the essay that he, Dr. Kieper, had graded. Plaintiff attempted to obtain explanations from various professors as to why he had failed and also wrote letters to the President of the University and the Trustees.

In April of 1974, "to bring moral pressure upon the University", plaintiff instituted a hunger strike which he gave up when he was told that he would have a meeting with the then Associate Dean Hughes. The meeting did not take place.

On December 5, 1977, plaintiff met with the then Dean Dill of the Business School and a minister named Dr. Harrington at which the Dean allegedly expressed the opinion that Professor Fabricant had misjudged plaintiff's answer on his second examination.

On April 7, 1978, plaintiff examined his files pursuant to the provisions of the Family Educational Rights and Privacy Act of 1974 (the "Buckley Amendment"), 20 U.S.C. § 1232g (1976), and discovered, he says, that five of the nine books were never graded and one of his answers was still missing.

More than three years later, on August 5, 1981, plaintiff instituted this action.

---

1. A previously asserted Fourteenth Amendment claim was dropped by stipulation on December 17, 1981.

## Prior Litigation

Plaintiff's complaint does not mention two previous law suits which he instituted in state court on the same underlying subject matter. Those cases are mentioned in defendants' affidavit and exhibits.

The first of the state court actions was instituted by plaintiff against NYU on May 27, 1968 in Supreme Court of New York County. Plaintiff sought therein a declaratory judgment that he had passed the May 1965 examination (his second examination). In that complaint he described his meeting with Professor Fabricant and the latter's alleged remark about Indians not needing Ph.D.s. Plaintiff's action was instituted within three days of a similar action by a Mr. Rosen, handled by the same attorney. NYU moved to dismiss both jointly. On August 22, 1968, Justice Chimera dismissed the *Rosen* action, stating that intrusion into academics was to be avoided if possible and that as the plaintiff was given at least two opportunities to pass, which was all he was entitled to under NYU's regulations, plaintiff's action would also have to be dismissed. On October 11, 1968, the New York Law Journal carried a notice that the *Rosen* decision controlled *Munshi*. On November 14, 1968, an order and judgment was entered in Munshi's case that said:

> Defendant, New York University, has accorded to the plaintiff fair and impartial treatment in respect to the grading of his examination papers of May 1965, and . . . [defendant] should not be required to provide plaintiff with any further opportunity to complete the work required for the degree of Doctor of Philosophy.

Munshi served a notice of appeal but did not perfect it.

Plaintiff's second state court action was brought jointly with Mr. Rosen and was instituted on April 2, 1969. For a second cause of action as to Mr. Munshi alone, it alleged that the discrimination practiced by Professor Fabricant was against the laws and public policy of New York. Justice Chimera again granted NYU's motion to dismiss, this time on res judicata grounds.

## The Applicable Law

It is clear in this Circuit that the applicable statute of limitations for civil rights suits is the three-year period of N.Y. C.P.L.R. § 214(2) (McKinney 1972) for "an action to recover upon a liability, penalty or forfeiture created or imposed by statute. . . ." In *Keyse v. California Texas Oil Corp.*, 590 F.2d 45 (2d Cir. 1978) (*Per Curiam*), the Court of Appeals upheld the dismissal of plaintiff's Title VII and § 1981 claims brought nearly nine years after the alleged discrimination in promotion had occurred. With respect to the § 1981 claim the Court stated plainly, "[t]he applicable statute of limitations in a federal civil rights case brought in New York is the three years provided by N.Y.C.P.L.R. ¶ 214(2)—liability based on a statute." *Id.* at 47. *See also DeMatteis v. Eastman Kodak Corp.*, 511 F.2d 306, 312 n.8 (2d Cir.), *modified on other grounds*, 520 F.2d .409 (1975) (The Court found that an employee could maintain a § 1981 suit where his employer forced him into retirement for selling his home to blacks. In response to the statute of limitations question the Court said "[t]his court has held that the applicable statute of limitations in a federal civil rights action brought in New York is the three years provided by N.Y.C.P.L.R. § 214(a)—liability based on a statute.").

The applicability of the three-year statute to § 1981 suits has never been doubted. Recently some question was raised concerning its applicability to § 1983 suits in light of a Supreme Court decision, *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), which held that § 1983 does not create a substantive cause of action but is only remedial. However, in *Pauk v. Board of Trustees*, 654 F.2d 856 (2d Cir. 1981), the Court reaffirmed the applicability of the New York three-year statute of limitations to § 1983 cases as well, making the law in the civil rights area both uniform and clear.

In *Pauk, supra*, the Court also discussed the question of the date of accrual of the cause of action. It held that federal law determines the date when a cause of action

accrues under § 1983, and that the accrual dates from "when the plaintiff 'knows or has reason to know' of the injury that is the basis of his action." *Id.* at 859. In *Pauk,* plaintiff's claim for improper denial of tenure was held to accrue when plaintiff received notice of termination of his employment, and not the later date of his actual discharge. The Court further indicated that the standard of accrual was the same for § 1981 and § 1983 actions—"[w]e think it appropriate to follow the Supreme Court's approach to the time of accrual of a claim involving a denial of tenure under 42 U.S.C. § 1981 (1976) in this action brought under 42 U.S.C. § 1983 (1976)." *Id.* at 860, n.3.

In the instant case, Munshi arguably "knew or had reason to know" of his injury at the time of Professor Fabricant's alleged discriminatory remarks to him, which occurred sixteen years ago, shortly after he took the second examination in May 1965. Certainly when he failed for the third time and was dismissed from the program, he knew of his injury, and his two subsequent state court suits attest to this. Giving plaintiff the greatest benefit of the doubt, and assuming that when he "discovered" his unmarked papers on April 8, 1978, he realized that he had suffered a new injury, he still waited in excess of three years before filing this suit on August 5, 1981.

■■■ Plaintiff's only attempts to avoid the bar of the statute of limitations are: first, he claims that the question of when a plaintiff should have known of his injury is a factual matter for the jury; second, that he has demonstrated a continuing violation; and third, that defendants have waived the bar of limitation of time to sue by not pleading it in their answer. There is no merit to these contentions. The bar of limitations of time within which to sue is properly raised by motion pursuant to Fed.R. Civ.P. 12(b)(6) which may be made before answer as was done here by NYU. Plaintiff has not alleged one act occurring within the three years previous to institution of this lawsuit so as to demonstrate a continuing *present* violation.

■■ Since federal claims are barred, it would be inappropriate to administer the state claims asserted in the complaint and the Court in the exercise of its discretion declines to administer the state claims asserted. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Federman v. Empire Fire & Marine Insurance Co.,* 597 F.2d 798, 809 (2d Cir. 1979) ("Dismissal of the state claim is the recommended procedure . . . in cases where the federal claim is disposed of prior to trial.").

### Attorneys' Fees

NYU has claimed recompense of its attorneys' fees on the ground that it has been subjected unfairly to frivolous and unreasonable suit.

■■ The statute of limitations question is resolved so clearly against plaintiff that it is unnecessary to reach defendants' point that the suit is also barred by the doctrine of *res judicata.* However, as a further factor to be weighed on the question of awarding attorneys' fees to defendants, it is worthwhile to note that under the law in this Circuit the litigation instituted by plaintiff is barred not only by the applicable period of limitations but also by the doctrine of *res judicata. See, e.g., Mitchell v. National Broadcasting Co.,* 553 F.2d 265, 276 (2d Cir. 1977). In that case the Court held that where plaintiff brought her discrimination claim to the New York State Division of Human Rights and then to the New York Supreme Court, Appellate Division, where the issue litigated was similar to her § 1981 claim, the state decision was final, and federal policy did not disfavor dismissal, the § 1981 claim was barred by res judicata—"[i]n sum, the decision of the appellant to pursue her administrative remedy to a final determination, which was not imposed by the deferral provision of Title VII or any conceivable exhaustion doctrine applicable to a § 1981 claim, caused the consequence that a federal court would be bound by the state court judgment." *See also, Sinicropi v. Nassau County,* 601 F.2d

60, 62 (2d Cir.) (*Per Curiam*), *cert. denied* 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed.2d 411 (1979) (in holding a Title VII claim to be barred because of prior litigation in state courts, the Court discussed *Mitchell* and concluded, "[t]he crucial factor is that appellant chose to submit her case to the state courts for review and she cannot now relitigate the same issues in federal court.... [W]e see no reason to distinguish between 1981 and Title VII for res judicata purposes"). (emphasis in original).[2]

The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988 (Supp.1981) (as amended) provides that in any civil rights action "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The standard for awarding such fees to a prevailing defendant in a civil rights suit is that the action have been "without foundation" or "unreasonable" or "frivolous". *See Hughes v. Row*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (*Per Curiam*) (With respect to a *pro se* plaintiff, the Court held "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation"); *Harbulak v. County of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981) (Where an attorney was representing himself, the court found that "Harbulak is a practising attorney who had the means and the knowledge, or at least the ability to obtain the knowledge, to recognize that his claim ... was unreasonable and groundless, if not frivolous.").

■ Here plaintiff was represented by counsel, the issues of the limitary period and of res judicata were specifically discussed with counsel at a premotion conference with this Court as well as the fact that plaintiff had subjected NYU twice to suits on his grievance in state court. Given the groundless nature of plaintiff's arguments that he is not barred by the statute of limitations, an award of attorney's fees to the defendants appears merited.

2. Other Circuits have explicitly disagreed with this Circuit's approach. *See, e.g., Aleem v. General Felt Industries, Inc.*, 661 F.2d 135 (9th Cir. 1981); *Davis v. United States Steel Supply*,

*Other Relief*

Defendants have requested an injunction barring plaintiff from further litigation in federal court under 28 U.S.C. § 1651(a). That statute gives the courts power to issue writs "necessary or appropriate in aid of their respective jurisdictions." Hopefully the summary dismissal of this action and the award of attorney's fees to defendants will serve as a deterrent to the institution of any further frivolous suit.

Accordingly, this action is dismissed pursuant to Fed.R.Civ.P. 12(b)(6) on statute of limitations grounds. Attorney's fees are awarded to defendants. Defense counsel should submit appropriate papers, on notice, in support of the award it seeks.

SO ORDERED.

50 U.S.L.W. 2196 (3d Cir. Oct. 6, 1981). This Court is of course constrained by Second Circuit law.