**GENERAL CAMERA CORPORATION, Plaintiff-Appellant,**

v.

**URBAN DEVELOPMENT CORPORATION, Convention Center Development Corporation, and State of New York, Defendants-Appellees.**

**No. 775, Docket 83–7828.**

United States Court of Appeals, Second Circuit.

Submitted March 5, 1984.

Decided May 8, 1984.

Robert S. Tobin, New York City, for plaintiff-appellant General Camera Corp.

Evelyn M. Tenenbaum, New York City, Asst. Atty. Gen. of the State of New York (Robert Abrams, Atty. Gen., Melvyn Leventhal, Deputy First Asst. Atty. Gen., Stanley Camhi, Asst. Atty. Gen., New York City, of counsel), for defendant-appellee State of N.Y.

Before FEINBERG, Chief Judge, and MANSFIELD and CARDAMONE, Circuit Judges.

PER CURIAM:

General Camera Corp. appeals from an order of the United States District Court for the Southern District of New York, Thomas P. Griesa, J., awarding defendant-appellee State of New York $4,000 in attorney's fees. Judge Griesa found that plaintiff-appellant's action under 42 U.S.C. § 1983 was "entirely groundless" and that, as a result, appellee was entitled to attorney's fees under 42 U.S.C. § 1988.

We accept Judge Griesa's conclusion that appellant's section 1983 action was frivolous. Thus, following *Harbulak v. County of Suffolk,* 654 F.2d 194, 198 (2d Cir.1981), in which we held that the defendant should be awarded attorney's fees where the plaintiff's section 1983 action was "unreasonable and groundless, if not frivolous," and *Hughes v. Rowe,* 449 U.S. 5, 14–16, 101 S.Ct. 173, 178–179, 66 L.Ed.2d 163 (1980) (per curiam), in which the Supreme Court reversed an award of attorney's fees on the grounds that the section 1983 action was neither "groundless" nor "without foundation," we find that the award of attorney's fees here was proper, even though the district court made no finding on whether appellant brought its action in bad faith. See also *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1937 n. 2, 76 L.Ed.2d 40 (1983) (dictum); *Kostiuk v. Town of Riverhead,* 570 F.Supp. 603, 612 (E.D.N.Y. 1983); *Munshi v. New York University,* 528 F.Supp. 1088, 1093 (S.D.N.Y.1981).

We affirm the judgment of the district court.

MANSFIELD, Circuit Judge (concurring):

I concur in the majority's conclusion that appellant's action was frivolous and that therefore the appellees were entitled to attorney's fees under 42 U.S.C. § 1988 as prevailing parties in a § 1983 action. I write separately to clarify the standard to be applied by lower courts in awarding attorney's fees to prevailing defendants under § 1988.

Section 1988 provides in relevant part that "in any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. Both the Senate and the House Reports accompanying the statute noted that a prevailing defendant would be entitled to attorney's fees only if the plaintiff litigated in "bad faith." The Senate Report states in pertinent part:

"It is intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act. A party seeking to enforce the rights protected by the statutes covered by S.2278, if successful, 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). Such 'private attorneys general' should not be deterred from bringing good faith actions to vindicate the fundamental rights here involved by the prospect of having to pay their opponent's counsel fees should they lose. *Richardson v. Hotel Corporation of America*, 332 F.Supp. 519 (E.D.La.1971), aff'd, 468 F.2d 951 (5th Cir.1972). (A fee award to a defendant's employer, was held unjustified where a claim of racial discrimination, though meritless, was made in good faith.) Such a party, if unsuccessful, could be assessed his opponent's fee only where it is shown that his suit was clearly frivolous, vexatious, or brought for harassment purposes. *United States Steel Corp. v. United States*, 385 F.Supp. 346 (W.D.Pa.1974), aff'd, 9 E.P.D. ¶ 10,225 (3d Cir.1975). *This bill thus deters frivolous suits by authorizing an award of attorneys' fees against a party shown to have litigated in 'bad faith' under the guise of attempting to enforce the Federal rights created by the statutes listed in S. 2278."* S.Rep. No. 94–1011, 94th Cong., 2d Sess. 4–5, *reprinted in* 1976 U.S.Code Cong. & Ad. News 5908, 5912 (emphasis supplied).

Similarly, the House Report on § 1988 states:

"[T]he courts have developed a different standard for awarding fees to prevailing defendants because they do 'not appear before the court cloaked in a mantle of public interest.' *United States Steel Corp. v. United States*, 519 F.2d 359, 364 (3d Cir.1975). As noted earlier such litigants may, in proper circumstances, recover their counsel fees under H.R. 15460. To avoid the potential 'chilling effect' noted by the Justice Department and to advance the public interest articulated by the Supreme Court, however, the courts have developed another test for awarding fees to prevailing defendants. Under the case law, such an award may be made only if the action is vexatious and frivolous, or if the plaintiff has instituted it solely 'to harass or embarrass' the defendant. *United States Steel Corp. v. United States, supra* at 364. *If the plaintiff is 'motivated by malice and vindictiveness,' then the court may award counsel fees to the prevailing defendant. Carrion v. Yeshiva University*, 535 F.2d 722 (2d Cir. 1976). *Thus if the action is not brought in bad faith, such fees should not be allowed.* See, *Wright v. Stone Container Corp.*, 524 F.2d 1058 (8th Cir.1975); see also *Richardson v. Hotel Corp. of America*, 332 F.Supp. 519 (E.D.La.1971), aff'd *without published opinion*, 468 F.2d 951 (5th Cir.1972). This standard

will not deter plaintiffs from seeking relief under these statutes, and yet will prevent their being used for clearly unwarranted harassment purposes." H.R. Rep. No. 94–1558, 94th Cong., 2d Sess. 6–7 (1976) (emphasis supplied).

Thus, Congress intended that prevailing defendants receive attorney's fees only when the plaintiff's action has been brought in "bad faith." This legislative history does not appear to have been considered by the Supreme Court in *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980), or in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), a Title VII case relied on by the Court in *Hughes*. Nor was it considered by us in *Harbulak v. County of Suffolk*, 654 F.2d 194, 198 (2d Cir.1981). Nevertheless, I am persuaded that Congress intended to require only a showing of objective, not subjective, bad faith as the standard for awarding attorney's fees to prevailing defendants. Both legislative reports explain bad faith in part in terms of the frivolousness of the action and rely on *United States Steel Corporation v. United States*, 385 F.Supp. 346 (W.D.Pa.1974), *aff'd*, 519 F.2d 359 (3d Cir.1975), for support. In *United States Steel Corporation*, the district court held that the plaintiff had not acted in bad faith because its action had not been "unfounded, meritless, frivolous, or vexatiously brought." *Id.* at 349. Accordingly bad faith must be defined in terms of whether the action was frivolous, meritless or vexatious, not whether the litigant's subjective state of mind indicated bad faith.

In the instant case, appellant's action against the State was brought in bad faith because it was completely frivolous as the court below found. The judgment awarding fees to the appellees is therefore properly affirmed.