**Thomas P. VERRI, Plaintiff,**

v.

**Frank NANNA, Individually and as Chief of Police of the Village of Elmsford, John Caralyus, Individually, and the Village of Elmsford, New York, Defendants.**

**No. 95 CIV. 3163(WCC).**

United States District Court,
S.D. New York.

May 1, 1998.

Lovett & Gould, White Plains, NY (Craig T. Dickinson, of counsel), for Plaintiff.

Lieberman & LeBovit, Yorktown Heights, NY (Mitchell P. Lieberman, of counsel), for Defendants.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

This action, Verri I, was the first of four successive civil rights suits brought by plaintiff Thomas Verri, formerly an Elmsford police officer, against, *inter alia*, defendants Frank Nanna, Chief of Police of the Village of Elmsford and the Village of Elmsford, alleging fourteen violations of 42 U.S.C. § 1983, the New York Civil Rights law and the New York Constitution. Before any dispositive motions were made, plaintiff withdrew the second, third and eighth claims. Defendants then moved for summary judgment on plaintiff's remaining claims, which was granted on August 1, 1997. *See Verri v. Nanna*, 972 F.Supp. 773, 803–04 (S.D.N.Y. 1997). Defendant Nanna now moves for attorney's fees pursuant to 42 U.S.C. § 1988. For the following reasons, his motion is denied.

## BACKGROUND

The facts of the case are set forth fully in the Court's prior Opinion, *Verri v. Nanna*, 972 F.Supp. 773 (S.D.N.Y.1997), and familiarity with that Opinion is presumed. The facts pertinent to the instant motion are as follows. Plaintiff worked for the Elmsford Police Department from 1990 to 1997. Defendant Nanna, a twenty-eight year veteran of the Department, has been Police Chief since 1990. In or around January, 1993, plaintiff began keeping a "personal diary/journal" in which he made approximately 17 entries. By means which may only be described as hotly disputed by the parties, defendant Nanna came into possession of plaintiff's diary and retained the diary for at least three months thereafter.

Plaintiff's first and seventh claims alleged that Nanna's possession and retention of the diary violated his due process rights under the United States and New York Constitutions. His fourth and ninth claims alleged that Nanna retaliated against him because of the contents of the diary, by following him, placing deficiency notices in his file and forcing him to submit to drug testing, in violation of the First and Fourth Amendments of the Constitution and the New York State Constitution. The fourteenth claim alleged that defendants had placed deficiency notices in his file in violation of his right to free speech under the First Amendment and the New York State Constitution, and his right to due process under Section 5711–q of the Unconsolidated Laws of New York. Plaintiff's fifth, sixth, tenth, eleventh and twelfth claims alleged that the Department had maintained

several policies limiting communications by police officers with the Village Legislative Board in violation of the First Amendment, the New York State Constitution and section 15 of the New York State Civil Rights Law. His second, third and eighth claims, which were ultimately withdrawn, alleged that Nanna had read and disseminated the diary, and had falsely accused plaintiff of "criminal wrongdoing" in violation of the First and Fourteenth Amendments of the Constitution and the New York State Constitution. The Court dismissed the remainder of plaintiff's claims upon defendants' motion for summary judgment.

## DISCUSSION

■ Defendant's present motion, seeking attorney's fees for work performed in connection with Verri I, must be denied. While "the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs .... [i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of ... title [42 of the United States Code]," 42 U.S.C. § 1988, if the prevailing party is the defendant, the court may allow attorney's fees only if the plaintiff's claims were "frivolous, unreasonable, or groundless, and the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).[1]

The Court of Appeals has been avowedly hesitant to award fees to defendants in civil rights cases, for fear of discouraging meritorious claims by plaintiffs, who are " 'the chosen instrument of Congress to vindicate' a policy of the highest national priority." *Santiago v. Victim Services Agency of Metropolitan Assistance Corp.*, 753 F.2d 219, 221 (2d Cir.1985) (quoting *Christiansburg*, 434 U.S. at 418, 98 S.Ct. 694)). *See also General Camera Corp. v. Urban Dev. Corp.*, 734 F.2d 468, 469 (Mansfield, J., concurring) (unlike

plaintiffs, defendants do " 'not appear before the court cloaked in a mantle of public interest' " (quoting H.R.Rep. No. 94–1558, 94th Cong., 2d Sess. 6–7 (1976)). The purpose of awarding fees to a prevailing defendant is to strike a balance "which will neither encourage frivolous claims ... nor discourage parties from raising issues where the likelihood of success is uncertain." *McCann v. Coughlin*, 698 F.2d 112, 129 (2d Cir.1983). Accordingly, the Court has allowed fees where a complaint had "no basis in law or fact," *Gerena–Valentin v. Koch*, 739 F.2d 755, 761 (2d Cir.1984), but has denied fees where there was circumstantial evidence that the plaintiff's civil rights had been violated, *Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir.1994), and where the case presented novel questions of law. *Colombrito v. Kelly*, 764 F.2d 122, 132 (1985).

■ Here, we cannot say that plaintiff's claims were frivolous. First, as discussed in our prior Opinion, whether plaintiff stated a claim for the violation of his First Amendment rights turned on a "novel and complex" issue of law, that is, whether plaintiff's writings were of public concern. 972 F.Supp. at 787. The issue was one of first impression in this Circuit, and in support of their conflicting positions, the parties cited only one decision on point. *Id.* at 785. Given the Court's recognition of the uniqueness and importance of plaintiff's First Amendment claims, it would be patently inappropriate for us to award defendant Nanna attorney's fees on plaintiff's first, seventh, fourth and ninth claims. *See Colombrito*, 764 F.2d at 132 (reversing fee award where lower court had recognized "complexity of the issues in the case" and "new and changing principles of constitutional law"). *See also Watkins v. McConologue*, 820 F.Supp. 70, 72 n. 2 (S.D.N.Y.1992) (denying fees where law was "not ... clearly discernible in advance" of proceedings). *Cf. Prate v. Freedman*, 583 F.2d 42, 46–47 (2d Cir.1978) (affirming award where suit had been "filed ... in the face of

---

1. If, on the other hand, the prevailing party is the plaintiff, the court ordinarily allows attorney's fees, unless "special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir.1986).

a substantial body of case law" denying claims).[2]

The same holds true with respect to plaintiff's first and seventh claims, that Chief Nanna's retention of the diary violated plaintiff's right to due process under the Fourteenth Amendment. This claim cannot be considered frivolous, because, as discussed in our prior Opinion, plaintiff had a legitimate property interest in his diary, the due process question was "not clear cut," but rather "complicated and unusual," and whether Chief Nanna was a final policy maker for the purposes of 42 U.S.C. § 1983 was a "difficult question." 972 F.Supp. at 793–96. Accordingly, we deny attorney's fees to defendant Nanna on claims one and seven. *See Colombrito*, 764 F.2d at 132.

Likewise, plaintiff's claim that the deficiency notices violated his rights to free speech and due process under the First Amendment, the New York State Constitution and Section 5711–q was not frivolous. Though the claim was ultimately unsuccessful, we considered a plethora of state law authority prior to concluding that "the New York courts would not consider [the] mere placement of a deficiency notice in an officer's personnel file to violate" the state constitution or Section 5711–q. 972 F.Supp. at 798–99. Because these claims were not frivolous on their face, we decline to award attorney's fees with respect to claim fourteen.

Claims four and nine, which alleged that the Department had retaliated against plaintiff by subjecting him to drug testing, in violation of the First and Fourth Amendment, pose a more difficult question. In dismissing these claims, we stated that it

was "well established" that the Department had a legitimate interest in assuring that its officers did not use drugs; likewise, we determined that defendants had presented evidence sufficient to show that their drug testing program was "random" and uniformly applied. *Id.* at 790. We conclude that plaintiff's claim was not frivolous as a matter of law, because in order for it to have been dismissed, defendants had to come forward with a legitimate, nondiscriminatory reason for having had subjected plaintiff to drug testing. *See id.* *See also Sassower v. Field*, 973 F.2d 75, 79 (2d Cir.1992) (affirming denial of fee award where dismissal of case turned on whether defense was "legitimate or pretextual"). Additionally, we note that plaintiff must have determined that these claims were without merit, because he did not pursue them in his papers in opposition to defendants' motion for summary judgment. 972 F.Supp. at 789. While not conclusive, the fact that plaintiff voluntarily withdrew his second, third and eighth claims, and declined to pursue his Fourth Amendment claims, in response to defendants' motion, suggests his willingness to curtail meritless claims, the precise goal of Section 1988. Accordingly, we deny attorney's fees to defendant Nanna on claims four and nine. *See Hughes*, 449 U.S. at 15, 101 S.Ct. 173; *Christiansburg*, 434 U.S. at 421, 98 S.Ct. 694. *Cf. Hernandez v. New York Hosp.*, No. 82 Civ. 7446, 1984 WL 1885, at *2 (S.D.N.Y. Nov.7, 1984) (awarding fees to defendants where plaintiff pursued meritless claims after having been warned repeatedly that defendants would seek fees); *Aller v. New York Bd. of Elections*, 586 F.Supp. 603, 605–07 (S.D.N.Y. 1984) (same, where plaintiff was admonished by court during oral argument).

---

**2.** We do note that in reference to whether plaintiff had raised a claim for retaliation, we stated that at least one of plaintiff's allegations was "groundless" in light of the evidence presented. *See* 972 F.Supp. at 789. However, in making such determination, we did not state that regardless of the evidence, plaintiff would not have been able to state a claim for retaliation. To the contrary, had the writings been of public concern, and had plaintiff proffered sufficient evidence of retaliation, he would have stated a claim for the violation of his First Amendment rights. In any case, had defendant Nanna determined that plaintiff failed to state a claim for retaliation, or for any other claim, he should have moved to dismiss plaintiff's claims prior to discovery. *See Oliveri*, 803 F.2d at 1280 ("it would be inequitable to permit a defendant to increase the amount of attorney's fees ... by unnecessarily defending against frivolous claims which could have been dismissed ... without incurring ... additional expense"). Instead, he waited to dismiss plaintiff's claims on a motion for summary judgment, after lengthy depositions had been taken. He may not now be awarded fees for apparently needed discovery.

Nor were the remainder of plaintiff's claims frivolous.[3] While these claims were ultimately dismissed on defendants' motion for summary judgment, we determined, at least with respect to one of these claims, that plaintiff had presented sufficient evidence to show that there existed a policy "preventing officers from discussing any *police business* directly with the Board." 972 F.Supp. at 802 (emphasis in original). This claim was dismissed not because it was frivolous but because it was not ripe for adjudication. *Id.* Where a claim is meritorious, albeit unripe, it is unlikely to have been frivolous. *See, e.g., Jones v. Deutsch,* 715 F.Supp. 1237, 1252 (S.D.N.Y.1989) (fee award "improvident and unsupported" where claim was "reasonable and in good faith ... (albeit premature[ ] )").[4]

## CONCLUSION

For the foregoing reasons, defendant Nanna's motion for attorney's fees is denied.[5]

SO ORDERED.

3. In these claims, plaintiff alleged that the Department had violated his right to petition the government for grievances by maintaining several policies that limited communications between its officers and the Village Legislative Board. 972 F.Supp. at 801–03.

4. Defendant's argument, that plaintiff's claims were frivolous because counsel stated during a pre-trial conference that he planned to withdraw them, is without merit, in light of the facts of this case. Counsel's original offer to withdraw the claims resulted not from an understanding that the claims were frivolous but rather from a concern that they would duplicate Verri III. To show that plaintiff's claims were frivolous, defendant Nanna also seeks to rely on correspondence from counsel declining to withdraw Verri I, in part because counsel believed he was entitled to attorney's fees. Defendant's reliance on these communications is equally misplaced, as nothing in the letters suggests that the claims were being pursued for an improper purpose. *Cf. Christiansburg,* 434 U.S. at 421, 98 S.Ct. 694 (court may award fees to defendant in civil rights case only if claims were "frivolous, unreasonable, or groundless, and the plaintiff continued to litigate after it clearly became so").

5. Because we decline defendant Nanna's motion on the merits, we do not consider plaintiff's alternative argument, that the motion was untimely filed.