[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13438
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 30, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:06-cv-80070-KLR

RICHARD COHEN,

                                                            Plaintiff-Appellant,

versus

WORLD OMNI FINANCIAL CORP.,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 30, 2012)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

    Richard Cohen appeals the district court's grant of attorneys' fees to World

Omni Financial Corporation ("World Omni") pursuant to 42 U.S.C. § 1988.  On

appeal, he argues that the district court abused its discretion in awarding World Omni attorneys' fees and that, alternatively, the size of the award was an abuse of the court's discretion.  For the reasons set forth below, we vacate and remand the court's award of attorneys' fees.

I.

On May 13, 1995, while living in New York, Cohen leased a car.  The lessor's interest in the lease was assigned to World Omni.  Pursuant to New York state law requiring prepayment, at the inception of the lease, of sales tax on the total lease payments due during the lease term, Cohen immediately paid to World Omni sales tax on all of the lease payments for the 36-month lease.  In June 1996, Cohen moved to Florida with the leased car.  Pursuant to Florida law requiring monthly payment of a use tax along with the monthly lease payments, World Omni determined in June 1996 that it was required to begin collecting from Cohen use tax for each of the remaining monthly lease payments.  World Omni first billed Cohen for the Florida use tax with the July 1996 lease installment.  Cohen paid the Florida use tax for approximately 15 months, through September 1997, before refusing on grounds that he previously had paid sales tax in New York.  He unilaterally applied a "set-off" to his October 1997 lease payment in an amount equal to the 15 months of Florida use-tax payments.

Due, at least in part, to Cohen's refusal to pay the Florida use tax, World Omni declared the lease in default in February 1998, repossessed the car, and sued Cohen in state court in January 2000 for damages stemming from his breach of the lease. In response to World Omni's Florida action, Cohen submitted an answer admitting non-payment but counterclaiming that World Omni actually had breached the lease and libeled him. In defense of World Omni's breach-of-lease claim, Cohen argued that collecting the Florida use tax without credit for the previously paid New York sales tax violated the Commerce Clause. World Omni then moved for summary judgment on Cohen's counterclaim.

The state court granted summary judgment to World Omni on the issue of liability based solely on Cohen's non-payment, without addressing Cohen's constitutional defense. After a jury trial on the issue of damages, Cohen was ordered to pay a money judgment. Cohen appealed the judgment to the state appellate court, again raising his constitutional defense. The state appellate court *per curiam* affirmed the judgment without a written opinion. Cohen submitted a petition for writ of certiorari to the state district court of appeals, again raising his constitutional defense. The state district court of appeals denied certiorari without a written opinion. In June 2005, Cohen paid the money judgment and associated attorneys' fees. Cohen then petitioned the U.S. Supreme Court for writ of

3

certiorari, which was denied in October 2005 without a written opinion.

Cohen filed his original § 1983 complaint against World Omni on January 20, 2006. On March 23, 2006, World Omni filed a motion to dismiss or, in the alternative, motion for summary judgment. In this motion, World Omni argued that Cohen's complaint failed to state a claim on which relief could be granted because: (1) there was no state action; (2) on the face of the complaint, the claim was time barred under the applicable four-year statute of limitations; and (3) the doctrines of collateral estoppel and *res judicata* barred relief. As to the statute of limitations issue, Cohen responded that his claim was not time barred because he was not actually injured until he had exhausted his options in the state appellate courts and was forced to pay the unconstitutional tax as part of the state-court judgment in June 2005.

The court converted the motion to dismiss into a motion for summary judgment and gave Cohen the opportunity to file additional arguments and evidence. In a memorandum of law, Cohen asserted that, as to World Omni's *res judicata* argument, his claim did not accrue until June 2005. Until that point, he argued, he had not been injured because he had not actually paid the unconstitutional tax. Cohen also submitted the affidavit of Chris Slader, a tax manager at World Omni's parent company. Slader attested that World Omni was

required by the state to collect and pay the monthly use tax on Cohen's leased car. The court granted World Omni's motion for summary judgment, finding that it was barred by *res judicata*. The court also questioned its jurisdiction under the *Rooker-Feldman*[1] doctrine. Cohen appealed this order. World Omni moved for attorneys' fees. The court awarded World Omni attorneys' fees, and Cohen again appealed.

In reviewing the orders granting summary judgment and attorneys' fees, we remanded the case to allow the district court to consider whether it had jurisdiction, did not address the court's *res judicata* findings, and vacated the award of attorneys' fees.

On remand, the district court determined that it had jurisdiction for *Rooker-Feldman* purposes and that Cohen's claim was not barred by *res judicata* or collateral estoppel. The district court then considered World Omni's original motion to dismiss. The court dismissed the case because Cohen had not stated a cause of action under § 1983. Specifically, Cohen could not show that World Omni acted under color of state law. The court declined to address World Omni's statute of limitations defense because it was "an affirmative defense appropriate

---

[1] *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

5

for resolution on summary judgment." The court gave Cohen 15 days to file an amended complaint.

Cohen filed an amended complaint, alleging, among other things, that World Omni received state encouragement from policies issued by the Florida Department of Revenue and acted under color of state law when it brought suit in a Florida court asking that court to enforce a discriminatory practice. He further alleged that World Omni had acted intentionally or with deliberate indifference or callous disregard of his rights within the meaning of § 1983, as the Commerce Clause forbids a state from imposing a tax identical to one already paid in another state without providing credit for the out-of-state payment.

On October 26, 2009, World Omni filed its first answer, in which it asserted a number of affirmative defenses. In particular, World Omni asserted that Cohen had not established the under color of law element because World Omni was required by Florida law to collect the tax.

World Omni later moved for summary judgment and submitted the deposition of Buzz McKown, a Revenue Program Administrator for the Department of Revenue. McKown testified that dealers were required to comply with the Florida sales and use tax, which required a dealer to collect and remit the tax even if a vehicle lessee moved to Florida after paying sales tax up front in New

6

York.  The legislature provided that dealers would receive collection allowances for collecting and remitting taxes in a timely manner, but McKown was not aware of any coercion of dealers.  If a dealer failed to collect and remit the use tax, both the dealer and the lessee would become liable for the uncollected tax, as well as interest and penalties.  World Omni also submitted Slader's deposition, at which he testified that World Omni was required by the state to collect the tax even if the customer had paid sales tax in another state and that World Omni would be subject to financial and criminal penalties if it did not do so.  World Omni remitted the entire tax it collected from Cohen to the state, and it was not coerced to collect the tax.

In response, Cohen asserted that, in both the state and federal proceedings, World Omni stated that it was required by the Department of Revenue to collect the tax.  Such a statement was inconsistent with World Omni's argument that it was not coerced into collecting the tax.  World Omni agreed that it would have been penalized if it had not collected the tax, and Cohen argued that such penalties indicated that the state coerced World Omni into collecting the tax.  Cohen also submitted a number of documents in support of his opposition to the motion for summary judgment, including: (1) World Omni's state court motion for summary judgment, in which World Omni asserted that it was required under Florida law to

collect the tax; and (2) Slader's affidavit, in which he attested that World Omni had been required under Florida law to collect from Cohen and pay Florida state taxes on the vehicle even though Cohen had already paid sales tax on the vehicle in New York.

On August 5, 2010, World Omni substituted its counsel, replacing the law firm Ritter Chusid Bivona & Cohen, LLP with the law firm Akerman Senterfitt.

On August 9, 2010, World Omni moved to amend its answer to include the affirmative defense that Cohen's claim was barred by the statute of limitations. The same day, World Omni moved for leave to file a motion for summary judgment based on its statute of limitations defense. The court granted both of these motions on August 10, 2010. In its amended answer, World Omni continued to assert that it was not acting under color of law because Florida law required it to collect the tax, and it added the affirmative defense that Cohen's claim was barred by the statute of limitations. In its motion for summary judgment, World Omni argued that the claim had accrued in or before June 1996, when he brought his vehicle to Florida and the Florida use tax first was assessed. The amended complaint specifically alleged that the Commerce Clause violation was caused by the refusal to credit taxes already paid to New York. According to World Omni, Cohen had been aware of the injury at least since June 1996. There also was no

8

dispute as to his knowledge that World Omni inflicted the alleged injury, as he had been involved in state-court litigation with World Omni since January 2000 and had specifically alleged a counterclaim in February 2000 on the basis of the purported double taxation.

Cohen responded that a claim does not accrue until the wrongful act results in damages. World Omni's invoicing of the tax did not result in damages because Cohen took a set-off to his October 1997 lease payment in an amount equal to the Florida tax he had paid up to that date and thus did not pay the tax on net. He argued that damages began to accrue after World Omni resorted to the state court to collect the tax and that the damages continued to accrue throughout the entirety of the state court litigation. Had he succeeded in the state court, he would have suffered no damages because he would not have had to pay any judgment. World Omni replied, in part, that any damages that Cohen suffered accrued by October 1997, when Cohen unilaterally took a set-off for the Florida tax that he had paid.

After holding a hearing on the motion for summary judgment, the district court granted World Omni's motions for summary judgment. First, the court addressed whether Cohen's claim was barred by the statute of limitations, finding that his claim was barred under any possible timeline. The court explained that Cohen's claim was subject to a four-year statute of limitations, and Cohen's claim

9

was barred if it had not accrued by January 20, 2002—four years before he filed his original § 1983 complaint. The complained-of injury was the alleged double taxation that occurred when the Florida use tax first was assessed in June 1996 and World Omni refused to credit the New York taxes against the Florida tax. Finally, Cohen's memorandum in opposition stated that the alleged constitutional injury arose when World Omni resorted to the state court in 2000 to collect the tax. Thus, under any timeline, the cause of action accrued before January 20, 2002.

Next, regarding whether World Omni was acting under color of state law, the court found that there was no evidence of coercion or significant encouragement to satisfy the state compulsion test. World Omni collected the tax because it was required by law to do so, but Slader testified that World Omni was not coerced into collecting the tax. The court also found that Cohen had not established a constitutional violation. Cohen argued that his constitutional injury arose when World Omni brought an action in state court. However, World Omni had initiated that lawsuit because Cohen defaulted on his lease for more reasons than simply failing to pay the Florida tax. Thus, Cohen could not show that the state-court lawsuit violated his rights under the Constitution. Finally, the court did not need to address the merits of his Commerce Clause theory because he had not established that World Omni acted under color of law. Accordingly, the district

court entered judgment in favor of World Omni and against Cohen. Cohen appealed.

On December 17, 2010, World Omni filed a motion for attorneys' fees and costs under 42 U.S.C. § 1988, arguing that Cohen's lawsuit was frivolous. First, it argued, Cohen did not establish a *prima facie* case. He had failed to present any evidence that World Omni acted under color of law, as required in a § 1983 claim, and his claim had been time barred for over ten years, since June 2000. Second, World Omni argued that it had not made a large settlement offer, which further supported a finding of frivolity and its motion for attorneys' fees. Third, the district court granted its motion for summary judgment, resolving the case before trial. World Omni sought $228,895.00 in attorneys' fees as well as interest. Finally, World Omni sought an additional $6,409.37 in costs under § 1988.

In response, Cohen argued that he established a *prima facie* case, but even if he had not done so, attorneys' fees would not be required. One factor that went against a finding of frivolity was the attention given to the claim by the district court. Here, the court had issued a number of orders, considered a number of legal issues, found in Cohen's favor as to issues such as *res judicata*, *sua sponte* held a summary judgment hearing, and issued a 15-page order granting World Omni's motion for summary judgment. Finally, World Omni did not assert that his claim

was time barred until August 2010, after it had already filed its motion for summary judgment.

World Omni replied that Cohen's claim was frivolous, first because it had been time barred since October 2001. World Omni had first raised the statute of limitations as part of its 2006 motion to dismiss. However, the district court declined to consider that issue in ruling on the motion to dismiss. Cohen had been aware of this defense since 2006, and it was irrelevant that World Omni added that defense in an amendment to its motion for summary judgment.

Subsequently, we affirmed the district court's grant of summary judgment to World Omni. We held that Cohen's claim was barred by the statute of limitations, and we declined to reach the additional issues on appeal of whether World Omni acted under color of law or whether Cohen had suffered a constitutional violation. As to the statute of limitations, Cohen's claim was time barred if it had accrued before January 20, 2002. Cohen alleged that World Omni violated his constitutional rights by imposing the Florida tax without crediting him for the tax he had paid in New York. World Omni had imposed the Florida tax for 15 months beginning in July 1996, and Cohen first noticed the tax in October 1997. Thus, if Cohen's rights were violated, the violations occurred from July 1996 through September 1997. Cohen's attempt to apply a set-off did not mean he had not been

12

injured, it merely showed that he had discovered his alleged injury. Thus, he was aware of his injury by October 1997, the limitations period began to run before January 20, 2002, and his claim was time barred.

The district court then granted World Omni's motion for attorneys' fees and costs, awarding World Omni $228,895 in attorneys' fees and $6,409.37 in costs, plus interest. First, the court found that Cohen had not presented any evidence to show that World Omni acted under color of law, an element of a § 1983 claim. Second, Cohen's claim had been time barred since 2000, and under *Munshi v. N.Y. Univ.*, 528 F. Supp. 1088 (S.D.N.Y. 1981), attorneys' fees were appropriate when a party should have known that his claim was time barred. Third, World Omni did not make a large settlement offer. Fourth, the case did not proceed to trial because the court had granted summary judgment to World Omni. As to the reasonableness of the attorneys' fees, the court expressed concern at the $525 hourly rate one of the attorneys at Akerman Senterfitt had charged. However, Cohen had not objected to the number of hours claimed or to the hourly rate billed, and the court found that the requested attorneys' fees were reasonable. Cohen timely appealed the order granting attorneys' fees and costs.

## II.

We review the award of attorneys' fees for an abuse of discretion. *Quintana*

13

*v. Jenne*, 414 F.3d 1306, 1309 (11th Cir. 2005). A court abuses its discretion by applying an incorrect legal standard, following incorrect procedures in making a determination, or making clearly erroneous factual findings. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1180 (11th Cir. 2005) (quotation omitted).

In a 42 U.S.C. § 1983 case, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). A prevailing defendant is only to be awarded attorneys' fees where the plaintiff's case was "meritless in the sense that it [was] groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (quotation omitted). Attorneys' fees are also warranted where the plaintiff's claim "was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Id.* at 15, 101 S.Ct. at 178-79 (quotation omitted).

Whether a claim is frivolous is a case-by-case determination. *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1190 (11th Cir. 1985). We have considered a number of factors in reviewing courts' frivolity determinations, including: "(1) whether the plaintiff established a [*prima facie*] case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial." *Id.* at 1189 (holding that the plaintiff's claim was not frivolous

14

where she had established a *prima facie* case even though she ultimately lost at trial). "[T]he presentation of a [*prima facie*] case in response to a motion for summary judgment means that a claim necessarily cannot . . . be considered frivolous." *Quintana*, 414 F.3d at 1307 (holding that the plaintiff's discrimination claim was not frivolous, despite her inability to rebut the defendant's legitimate reason for failing to promote her, because she had established a *prima facie* case). Generally, where a plaintiff introduces sufficient evidence to support his claims, a finding of frivolity will not be upheld. *Sullivan*, 773 F.2d at 1189. However, where a plaintiff introduces no evidence in support of his claims, a finding of frivolity is appropriate. *Id.* Another factor we consider in a § 1988 case is the attention given to the claim: a claim is not frivolous when it is "meritorious enough to receive careful attention and review." *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). Private conduct may be fairly attributable to the state where: (1) "the deprivation [was] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for

15

whom the State is responsible," and (2) "the party charged with the deprivation . . . may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753-54, 73 L.Ed.2d 482 (1982). Where the plaintiff alleges that the private defendant's conduct was the product of an unconstitutional statutory scheme, the first element of the fair-attribution test is satisfied. *Id.* at 941, 102 S.Ct. at 2756. There are three tests generally used in this Court to determine whether a defendant is a state actor: "(1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test." *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). The plaintiff need only establish that the defendant is a state actor under one of these three tests. *See id.* "The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *Id.* (quotation omitted). Where the statutes at issue merely permitted the defendant's conduct without either compelling or encouraging it, the state compulsion test is not satisfied. *Harvey v. Harvey*, 949 F.2d 1127, 1130-31 (11th Cir. 1992). "Mere approval or acquiescence in the private actor's choice is not enough." *Langston ex rel. Langston v. ACT*, 890 F.2d 380, 385 (11th Cir. 1989). Rather, the state must enter into the decision-making process, such that the private actor's choice may be deemed that of the state. *Id.*

16

When Cohen moved to Florida in 1996, state law provided as follows:

(3) Every dealer making sales . . . of tangible personal property for distribution, storage, or use or other consumption, in this state, *shall . . .* collect the tax imposed by this chapter from the purchaser.

. . . .

(8)(a) Use tax will apply and be due on tangible personal property imported or caused to be imported into this state for use, consumption, distribution, or storage to be used or consumed in this state; provided, however, that . . . it shall be presumed that tangible personal property used in another state, territory of the United States, or the District of Columbia for 6 months or longer before being imported into this state was not purchased for use in this state. *The rental or lease of tangible personal property which is used or stored in this state shall be taxable without regard to its prior use or tax paid on purchase outside this state.*

Fla. Stat. § 212.06(3), (8)(a) (1996) (emphasis added). Chapter 212 imposes various civil and criminal penalties on dealers who fail to comply with its requirements. *Fla. Dep't of Revenue v. Naval Aviation Museum Found., Inc.,* 907 So. 2d 586, 587 (Fla. Dist. Ct. App. 2005).

Although a close question, we conclude that the district court abused its discretion in granting World Omni's motion for attorneys' fees. *See Quintana,* 414 F.3d at 1309. As to the first *Sullivan* factor, whether Cohen established a *prima facie* case, the district court found that Cohen failed to present any evidence that World Omni acted under color of law. This finding was clearly erroneous, as Cohen submitted evidence in support of his argument that World Omni acted

17

under color of law.[2] *See Cordoba*, 419 F.3d at 1180. In opposition to the motion for summary judgment, Cohen argued that, based on World Omni's assertions that it was required by the state to collect the tax or be subjected to penalties, World Omni acted under color of law in that it was coerced into violating the Constitution by enforcing the unconstitutional Florida law. Cohen submitted World Omni's state court motion for summary judgment, in which World Omni asserted that it was required under Florida law to collect the tax. Cohen also attached Slader's affidavit to his response, in which Slader attested that World Omni had been required under Florida law to collect from Cohen and pay Florida state taxes on the vehicle even though Cohen had already paid sales tax on the vehicle in New York. Therefore, Cohen did present evidence in support of his claim that World Omni collected the tax under color of law.

Moreover, it appears that Cohen was correct that World Omni acted under color of law. Section 212.06(8)(a) did not merely permit or authorize the collection of use taxes. *Cf. Harvey*, 949 F.2d at 1130-31 (holding that a private party who invoked a statute that merely authorized, without encouraging or

---

[2] We do not address the second element of Cohen's § 1983 claim, whether there was a constitutional violation, because the district court did not address this element in awarding attorneys' fees and neither party addresses this element on appeal. *See Holmes*, 418 F.3d at 1258.

compelling, involuntary commitments was not a state actor). Rather, it explicitly mandated the collection of the taxes, and chapter 212 imposed both civil and criminal penalties on dealers who failed to comply. § 212.06(3), (8)(a); *Naval Aviation Museum Found.*, 907 So.2d at 587. The state legislature decided that lessees who moved to Florida from "up-front" states would be subject to the Florida use tax, and it gave dealers and lessors such as World Omni no discretion to decide whether and when to impose the tax. § 212.06(3), (8)(a). Slader's and McKown's assertions that they did not perceive the measures as coercive rings hollow and certainly does not outweigh the fact that the scheme of incentives and penalties "at least significantly encouraged" World Omni's collection of the allegedly unconstitutional tax. *See Willis*, 993 F.2d at 840. Thus, the state "enter[ed] into the decision-making process, such that [World Omni's] choice may be deemed that of the state." *Langston*, 890 F.2d at 385 (11th Cir. 1989). Because Cohen only needed to establish that World Omni was a state actor under one test, we do not consider whether the public function or nexus/joint action tests are met. *See Willis*, 993 F.2d at 840. Based on the above, the first factor weighs in Cohen's favor despite the district court's contrary finding.

The second factor, a defendant's offer to settle, weighs in World Omni's favor. Although there is no evidence regarding settlement offers in the record,

19

World Omni asserted in its motion for attorneys' fees that it had not made a large settlement offer.

The third factor, whether the case proceeded to trial, weighs in World Omni's favor because the grant of summary judgment was ultimately upheld, precluding trial.

The fourth factor, the attention given to Cohen's claim, weighs in Cohen's favor. Both we and the district court have given this case careful attention in deciding issues related to the district court's jurisdiction, the doctrines of *res judicata* and collateral estoppel, and whether the claim was timely. The district court also held a hearing on the motion for summary judgment and considered the merits of Cohen's claim both in ruling on a motion to dismiss and in ruling on a motion for summary judgment.

In sum, two factors weigh in Cohen's favor, and two factors weigh in World Omni's favor. The district court abused its discretion in weighing the factors regarding the alleged frivolity of Cohen's claim because the factor regarding the merits of Cohen's claim weighs in his favor. That is, Cohen's claim is not frivolous because he established a *prima facie* case. *See Quintana*, 414 F.3d at 1307.

Additionally, the court erred in finding that Cohen's claim was frivolous in

20

part because it was time barred. The court relied on *Munshi,* a case from the Southern District of New York, which is not binding on us. We have not previously considered whether a time-barred claim is frivolous under § 1988, and we decline to do so here, where Cohen established a *prima facie* case. *See Quintana*, 414 F.3d at 1307.

For the foregoing reasons, we vacate the district court's order granting World Omni attorneys' fees and remand for entry of an appropriate order.

**VACATED AND REMANDED.**